THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

CYNTHIA E. RICHMAN (*pro hac vice* forthcoming)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile:  202.467.0539

KEVIN YEH, SBN 314079
  kyeh@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

Attorneys for Defendants Uber Technologies, Inc.,
Rasier, LLC, Rasier-CA LLC, Rasier-PA, LLC, Rasier-
DC, LLC, Rasier-NY, LLC, and Uber USA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SC INNOVATIONS, INC., <br><br>     *Plaintiff,* <br><br>   v. <br><br> UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA LLC, RASIER-PA, LLC, RASIER-DC, LLC, RASIER-NY, LLC, AND UBER USA, LLC, <br><br>     *Defendants.* | CASE NO. 3:18-cv-07440-JCS <br><br> **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR MOTION TO DISQUALIFY AND MOTION TO DISMISS, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION** |

Gibson, Dunn & Crutcher LLP

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR MOTION TO DISQUALIFY AND MOTION TO DISMISS, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION – CASE NO. 3:18-CV-07440-JCS

Pursuant to Civil Local Rules 6-3 and 7-11, Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-NY, LLC, and Uber USA, LLC (collectively, "Uber"), hereby move that the Court set a briefing schedule for Uber's motion to disqualify its longtime former counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), from representing plaintiff SC Innovations, Inc. ("SCI") and its motion to dismiss SCI's Complaint (ECF 1).  It will conserve the time and resources of the Court, as well as those of the parties, to stage disqualification proceedings before Uber moves to dismiss the Complaint.  Uber respectfully asks that the Court enter the case schedule that it had proposed to SCI.

Since the Complaint was served on Uber, Uber has sought to amicably reach an agreement on scheduling with SCI and Quinn Emanuel.  Believing them to be acting in good faith as well, Uber agreed to multiple requests by Quinn Emanuel—coupled with their assurances that they were amenable to stipulating to an extension for Uber's motion to dismiss—to give it more time to consult with its client.  Now, however, it is clear that those requests were nothing more than a delay tactic, and Quinn Emanuel is reframing the many courtesies Uber has extended it as alleged examples of delay on Uber's part.

Uber sought to avoid burdening the Court with a motion such as this one.  But given that it has detrimentally relied on Quinn Emanuel's representation that it was likely to agree to an extension for responding to the Complaint (currently due January 10) and has agreed to give Quinn Emanuel extensive opportunities over the past two weeks to confer with its client, Uber has been left with no alternative.  Uber therefore respectfully requests that the Court shorten SCI's time to respond to this motion.  Alternatively, Uber respectfully requests that the Court stay the January 10th deadline and hold a telephonic scheduling conference with the parties at its earliest convenience.

## FACTUAL BACKGROUND

SCI served Uber with the Complaint in this action on December 20, 2018.[1]  ECF 11.  The thrust of SCI's allegations is that Uber violated federal antitrust law and California law by

---

[1]  SCI's proof of service for Rasier-DC, LLC, Rasier-NY, LLC, and Rasier-PA, LLC, are deficient because they do not provide the date of service.  *See* ECF 11 at 5–7.  Uber reserves the right to challenge service on this basis.

Gibson, Dunn &
Crutcher LLP

engaging in predatory pricing and other purportedly anticompetitive acts.  SCI claims that this conduct resulted in the failure of Sidecar Technologies, Inc. ("Sidecar"), a competing transportation network company.[2]  On December 24, Uber's counsel attempted to contact counsel for SCI to discuss scheduling issues in light of the holidays.  Decl. of Kevin Yeh ("Yeh Decl.") ¶ 2.  Uber's counsel followed-up with Quinn Emanuel on December 26 and requested a two-week extension to file responsive papers given that Uber was served "in the midst of the holiday season."  *Id.* ¶ 2; Ex. A.  Quinn Emanuel responded later that day and said that they were "inclined to give [Uber] an extension to respond to the complaint," but that they needed client approval, which could not yet be obtained that week "[d]ue to the holidays."  *Id.*

The next day (December 27), Uber's counsel informed Quinn Emanuel that Uber believed Quinn has a conflict of interest that should prevent it from acting as counsel of record for SCI in this matter.  *Id.* Ex. B.  Counsel for Uber then requested that Quinn Emanuel "explain on what basis Quinn believes, if it does believe, that it can act as counsel against Uber in this case in light of its prior representations of Uber."  *Id.*  Counsel for SCI responded that Uber counsel's tentative conclusion was "incorrect" and that prior matters in which Quinn Emanuel had represented Uber were "not substantially related to this case."  *Id.*

On December 28, 2018, the parties' counsel met and conferred by telephone, during which time counsel for Uber requested that SCI stipulate to have any motion to disqualify adjudicated before any response to the Complaint would be due.  Yeh Decl. ¶ 4.  Counsel for Uber explained that such a stipulation would save the parties and the Court time and resources in the event Uber's disqualification motion was granted.  *Id.*  Counsel for SCI responded that with regard to the motion to dismiss only, subject to client approval, they would have "no problem" extending the deadline until January 25, 2019.  *Id.*

On January 3, 2019, counsel for Uber requested another telephonic meet-and-confer with Quinn Emanuel in a further attempt to reach agreement on a schedule.  During the call on January 4, Uber set out a detailed proposed briefing schedule.  Yeh Decl. ¶ 5.  Given the

---

[2]  SCI purports to be an assignee of certain litigation rights from Sidecar.  Compl. ¶ 14.

Gibson, Dunn & Crutcher LLP

impending deadline to respond to the Complaint, and to give SCI time to oppose, and the Court time to rule on, any administrative motion Uber may have to file if a stipulation was not reached, counsel for Uber requested that Quinn Emanuel provide a response on the proposal by the next day.  *Id.*  Once again, Quinn Emanuel responded that it would need more time—until January 7—to give its position on the proposed schedule.  Yeh. Decl. ¶ 6; Ex. D.  Hoping to achieve some agreement, Uber did not object, and, in turn, requested a stay of Uber's response deadline until a schedule was set.  *Id.*  Uber's counsel further noted, "This request is a continuation of our good-faith efforts to reach a mutually acceptable solution with SCI, first raised with you on December 26, without unilaterally seeking relief from the court despite the holidays and impending deadline so that you've had opportunities to confer with your client."  *Id.*

On January 7, 2019—despite having been on notice for two weeks that Uber was attempting to work out a stipulation with SCI, and despite having been given multiple opportunities at their request to confer with their client "[d]ue to the holidays," Quinn Emanuel did an about-face and informed Uber's counsel that it would not agree to any schedule on the motions, nor grant any extension of time to respond to the Complaint.  Yeh Decl. ¶ 7; Ex. E.

## ARGUMENT

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016).  For good cause, a court may extend deadlines or alter case schedules.  *See* Fed. R. Civ. P. 6(b).  Judges—including in this District—have found good cause to stay proceedings or to hold other motions in abeyance while a motion to disqualify counsel is pending.  *See, e.g.*, *IPVX Patent Holdings, Inc. v. 8X8, Inc.*, No. C 13-01707, 2013 WL 6000590, at *2 (N.D. Cal. Nov. 12, 2013) (referencing "motion to dismiss [ ] held in abeyance pending a ruling on Defendant's motion to disqualify Plaintiff's counsel"); *Nat'l Grange of Order of Patrons of Husbandry v. Guild*, No. CV 2:16-201 WBS DB, 2017 WL 1397242, at *1 (E.D. Cal. Apr. 4, 2017) (finding no prejudice from granting stay of discovery while motion to disqualify is pending).

Good cause exists for granting Uber's motion.  Quinn Emanuel, during its long tenure as Uber's counsel, represented Uber in matters substantially related to this one and, as a result, "has

Gibson, Dunn &
Crutcher LLP

3

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR MOTION TO
DISQUALIFY AND RESPONSE TO COMPLAINT, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION
– CASE NO. 3:18-CV-07440-JCS

obtained confidential information material to" its current representation of SCI.  *See* Cal. Rules of Prof'l Conduct 3-310(E); *see also* Yeh Decl. Ex. D.  Quinn Emanuel has appeared as counsel of record for Uber in approximately 20 lawsuits, in federal and state courts across the country, and has provided counseling to Uber on a broad array of legal matters—including unfair competition (specifically as it relates to pricing) and antitrust.

Uber seeks a "just, speedy, and inexpensive determination" of this matter, Fed. R. Civ. P 1, and submits that judicial economy and efficiency would be well served by allowing the Court to resolve any motion to disqualify before the parties expend time and resources on Uber's response to the Complaint, currently due on January 10, 2019.  If the parties simultaneously brief a motion to disqualify and Uber's motion to dismiss the Complaint, and the motion to disqualify is granted, the Complaint and any substantive briefing by Quinn Emanuel would likely be struck. Any new counsel that SCI retains would have to file a new complaint and the parties would need to submit a new round of briefing and pleadings.  *See, e.g.*, *Ahn v. Scarlett*, No. 5:16-CV-05437-EJD, 2017 WL 6326693, at *2 (N.D. Cal. Dec. 11, 2017) (striking complaints and briefs by disqualified counsel).  On the other hand, allowing the motion to disqualify to be decided before proceeding with a response to the Complaint would serve judicial economy and "will avoid the possibility that the parties will unnecessarily expend time and resources . . . [i]f the motion to disqualify Plaintiff's counsel is granted."  *IPVX*, 2013 WL 6000590, at *2.

Despite the recent holidays (which Quinn Emanuel itself used to justify getting more time to consult with SCI), Uber has acted diligently in this case, including in evaluating whether a disqualification motion is justified.  SCI's filing and service of the Complaint—on the eve of the holiday season—has limited Uber's ability to respond to the Complaint or gather the necessary facts to support any disqualification motion.  This work involves interviewing witnesses who are no longer with the company and reviewing significant amounts of documents spanning several years during which Quinn Emanuel was Uber's outside counsel.  In light of these circumstances, Uber has attempted to amicably stipulate to a briefing schedule with SCI, but neither it nor

4

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR MOTION TO DISQUALIFY AND RESPONSE TO COMPLAINT, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION – CASE NO. 3:18-CV-07440-JCS

Quinn Emanuel were ultimately willing to work with Uber, despite indications that an extension was likely to be agreed.

It would be ironic for SCI to allege delay by Uber:  SCI waited until *three years* after Sidecar "went out of business" to file this action.  Compl. ¶ 5.  Given how long it waited to bring this lawsuit, SCI will not be prejudiced if the Court grants Uber a few additional weeks to file any motion to disqualify and to respond to the Complaint.  Furthermore, SCI has known about Uber's attempts to stipulate to an extended briefing schedule for two weeks.  Thus, it would suffer no prejudice from responding to this motion in a shortened period of time.

## CONCLUSION

Sequencing this case so that Uber will have time to properly evaluate the basis for any disqualification motion, and allowing the Court to rule on any such motion before Uber moves to dismiss the complaint, would promote judicial economy and preserve the time and resources of the Court, counsel, and the parties.  Uber has been diligently assessing whether a disqualification motion is warranted since it retained counsel, and SCI would suffer no prejudice from sequencing this matter.  Uber respectfully requests that the Court stay its deadline to respond to the Complaint and grant its proposed briefing schedule as follows:

- Uber's deadline to respond to the Complaint is stayed.

- Uber shall file its motion to disqualify by February 1, 2019.  SCI may file any opposition by March 1, 2019, and Uber may file any reply by March 15, 2019.

- Upon resolution of the motion to disqualify, if any complaint remains pending, the Court shall set a schedule for filing and briefing a motion to dismiss.

Uber also respectfully requests that the Court shorten the time for SCI to respond to this motion and order that it be due on Wednesday, January 9, 2019, at 12:00 p.m. Pacific time.  In the alternative, Uber respectfully requests that the Court stay the January 10th deadline to respond to the Complaint and hold a telephonic scheduling conference with the parties at its earliest convenience.

Dated:  January 7, 2019

Respectfully submitted,

/s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.
Daniel G. Swanson
Cynthia E. Richman
Kevin Yeh

GIBSON, DUNN & CRUTCHER LLP

Attorneys for Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-NY, LLC, and Uber USA, LLC

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of all documents submitted with this motion has been obtained from each respective signatory therein.

By:   /s/ Theodore J. Boutrous, Jr.
Theodore J. Boutrous, Jr.

DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR MOTION TO DISQUALIFY AND RESPONSE TO COMPLAINT, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION – CASE NO. 3:18-CV-07440-JCS