1  THEODORE J. BOUTROUS, JR., SBN 132099
      tboutrous@gibsondunn.com
2  DANIEL G. SWANSON, SBN 116556
      dswanson@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
5  Facsimile:  213.229.7520

6  CYNTHIA E. RICHMAN (*pro hac vice* forthcoming)
      crichman@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   1050 Connecticut Avenue, N.W.
8  Washington, DC 20036-5306
   Telephone: 202.955.8500
9  Facsimile:  202.467.0539

10  KEVIN YEH, SBN 314079
      kyeh@gibsondunn.com
11  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
12  San Francisco, CA 94105-0921
   Telephone: 415.393.8200
13  Facsimile:  415.393.8306

14  Attorneys for Defendants Uber Technologies, Inc.,
   Rasier, LLC, Rasier-CA LLC, Rasier-PA, LLC, Rasier-
15  DC, LLC, Rasier-NY, LLC, and Uber USA, LLC

16              UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                 SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  SC INNOVATIONS, INC., | CASE NO. 3:18-cv-07440-JCS |
| 20        *Plaintiff*, | **DECLARATION OF KEVIN YEH IN SUPPORT OF DEFENDANTS' MOTION** |
| 21       v. | **FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE ON MOTION TO DISQUALIFY AND MOTION TO DISMISS, AND TO SHORTEN TIME TO RESPOND TO THIS MOTION** |
| 22  UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA LLC, RASIER-PA, LLC, RASIER-DC, LLC, RASIER-NY, LLC, AND UBER USA, LLC, | |
| 23 | |
| 24        *Defendants*. | |
| 25 | |

26

27

28

Gibson, Dunn &
Crutcher LLP

I, Kevin Yeh, declare and state as follows:

1.      I am an attorney duly licensed to practice law before all of the courts of the State of California and before this Court.  I am an associate with the law firm of Gibson, Dunn & Crutcher LLP, and am an attorney for Uber Technologies, Inc., Rasier, LLC, Rasier-CA LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-NY, LLC, and Uber USA, LLC (collectively, "Uber") in this action.  I make this declaration in support of Uber's Motion for Administrative Relief to Set Briefing Schedule on Motion to Disqualify and Motion to Dismiss, and to Shorten Time to Respond to This Motion.  I am personally familiar with the matters set forth herein and, if called to testify, I could and would competently testify thereto.

2.      SCI served Uber with the Complaint in this action on Thursday, December 20, 2018.[1]  ECF 11.  On Monday, December 24, my colleague, Cynthia Richman, attempted to contact Ethan Glass of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel"), counsel for SCI, by phone to discuss scheduling challenges in light of the holidays.  I followed-up with Quinn Emanuel on December 26 and requested a two-week extension to file responsive papers given that Uber was served "in the midst of the holiday season."  Mr. Glass responded later that day and noted that they were "inclined to give [Uber] an extension to respond to the complaint," but that they needed client approval, which could not yet be obtained that week "[d]ue to the holidays."  Attached as Exhibit A is a true and correct copy of my correspondence with Quinn Emanuel.

3.      On December 27, 2018, I informed Quinn Emanuel that "we have now come to understand that Quinn has a conflict of interest that should prevent it from acting as counsel of record for SCI in this matter.  Apparently, Quinn Emanuel represented Uber in a substantially similar case only a few years ago (*The Yellow Cab Co. et al. v. Uber Technologies, Inc., et al.*, No. 1:14-cv-02764-RDB (D. Md.)), in addition to representing Uber in a whole host of other similar litigation matters."  I then requested that Quinn Emanuel "explain on what basis Quinn

---

[1]  SCI's proof of service for Rasier-DC, LLC, Rasier-NY, LLC, and Rasier-PA, LLC, are deficient because they do not provide the date of service.  *See* ECF 11 at 5–7.  Uber reserves the right to challenge service on this basis.

believes, if it does believe, that it can act as counsel against Uber in this case in light of its prior representations of Uber." *Id.* Counsel for SCI responded that Uber counsel's tentative conclusion was "incorrect" and that prior matters in which Quinn Emanuel represented Uber were "not substantially related to this case." Attached as Exhibit B is a true and correct copy of my correspondence with Quinn Emanuel.

4.      On December 28, 2018, Mr. Glass, Michael Bonanno of Quinn Emanuel, and I met and conferred by telephone, during which time I inquired whether SCI would stipulate to have any motion to disqualify adjudicated before any response to the Complaint would be due. I explained that such a stipulation would save the parties and the Court time and resources in the event Uber's disqualification motion was granted. Counsel for SCI responded that with regard to the motion to dismiss only, subject to client approval, they would have "no problem" extending the deadline until January 25, 2019. Counsel for both parties agreed that they would consult their respective clients and speak at a later date for each party to propose a schedule.

5.      On January 3, 2019, I requested another telephonic meet-and-confer with Quinn Emanuel in a further attempt to reach agreement on a briefing schedule. Attached as Exhibit C is a true and correct copy of my correspondence with Quinn Emanuel. The meet-and-confer was held the next day, during which I set out a detailed proposed briefing schedule. Given the impending deadline to respond to the Complaint, and to give SCI time to oppose, and the Court to rule on, any administrative motion Uber may have to file if a stipulation was not reached, I requested that Quinn Emanuel provide a response on the proposal by the next day. In addition, I again invited Quinn Emanuel to explain why it believed this matter was not substantially related to its prior work for Uber.

6.      On January 5, 2019, Quinn Emanuel responded that it would need until Monday, January 7, to give its position on the proposed schedule. Hoping to achieve some sort of agreement, Uber did not object to this request and, in turn, requested that SCI agree to staying the January 10th deadline for responding to the Complaint until a briefing schedule was set. I noted, "This request is a continuation of our good-faith efforts to reach a mutually acceptable

DECLARATION OF KEVIN YEH IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF
TO SET BRIEFING SCHEDULE ON MOTION TO DISQUALIFY AND MOTION TO DISMISS, AND TO
SHORTEN TIME TO RESPOND TO THIS MOTION
– CASE NO. 3:18-CV-07440-JCS

Gibson, Dunn &
Crutcher LLP

1  solution with SCI, first raised with you on December 26, without unilaterally seeking relief from

2  the court despite the holidays and impending deadline so that you've had opportunities to confer

3  with your client."  Attached as Exhibit D is a true and correct copy of my correspondence with

4  Quinn Emanuel.

5      7.      On January 7, 2019, SCI, through Quinn Emanuel, informed Uber's counsel that it

6  would not agree to any briefing schedule on the contemplated motions, nor grant any extension

7  of time to respond to the Complaint, despite the fact that Uber had given Quinn Emanuel

8  multiple opportunities since December 26, 2018, to consult with its client, in part "[d]ue to the

9  holidays," so that the parties could reach some sort of agreement.  Attached as Exhibit E is a true

10  and correct copy of my correspondence with Quinn Emanuel.

11      I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct.

13      Executed on January 7, 2019.

14

15                    By:   /s/ Kevin Yeh
16                          Kevin Yeh

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF KEVIN YEH IN SUPPORT OF DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF
TO SET BRIEFING SCHEDULE ON MOTION TO DISQUALIFY AND MOTION TO DISMISS, AND TO
SHORTEN TIME TO RESPOND TO THIS MOTION
– CASE NO. 3:18-CV-07440-JCS

Gibson, Dunn &
Crutcher LLP

# EXHIBIT A

| | |
|---|---|
| **From:** | Ethan Glass |
| **To:** | Yeh, Kevin |
| **Cc:** | Claude M. Stern; Mike Bonanno; Swanson, Daniel G.; Richman, Cynthia |
| **Subject:** | Re: SC Innovations v. Uber - Motion to Relate |
| **Date:** | Wednesday, December 26, 2018 1:34:51 PM |

[External Email]

Dear Cynthia and Kevin,

First, we are inclined to give you an extension to respond to the complaint, but we still need client approval. Due to the holidays, we don't expect to have that this week.

Second, we cannot respond to your request to relate this week.  Again we will not have client approval. But, more importantly, we do not understand the basis for your motion and have not properly met and conferred on that basis. So that we can fully consider your request, and properly meet and confer, please identify the legal basis for seeking to relate, including any relevant authority.

Best,
Ethan

On Dec 26, 2018, at 3:55 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Dear Ethan,

I wanted to follow up on the voicemail that my colleague left you on Monday.  Could you please let us know whether Sidecar will stipulate to relating the *Sidecar* action to *Flywheel*.  If so, we can prepare the papers and file them tomorrow.  If not, Uber plans to file a motion to relate by the end of the day tomorrow.  Please let us know your client's position by tomorrow at 12 pm PT.

Also, given Sidecar's complaint was served last Friday and that we are in the midst of the holiday season, Uber requests a 2-week extension to file its motion to dismiss (making it due on January 25th).  Uber would be willing to stipulate to an extended deadline for Sidecar's opposition and Uber's reply.  Please let us know your thoughts.

Thank you,
Kevin Yeh


**Kevin Yeh**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in

error, please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT B

| | |
|---|---|
| **From:** | Ethan Glass |
| **To:** | Yeh, Kevin |
| **Cc:** | Claude M. Stern; Mike Bonanno; Swanson, Daniel G.; Richman, Cynthia |
| **Subject:** | Re: SC Innovations v. Uber - Motion to Relate |
| **Date:** | Thursday, December 27, 2018 7:33:27 PM |

[External Email]

Hi Kevin, how about 2:30 DC time?

As for your statement about QE's prior work for Uber, it is incorrect and we disagree.  That work was not substantially related to this case.

Best, eg

On Dec 27, 2018, at 7:24 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  We can chat anytime Friday, with a preference for the earlier part of the day.  Let us know what time works.

Regarding the relation issue, our view is that that both actions are competitor cases (or, in the case of *SC Innovations*, a competitor that purportedly assigned its litigation rights).  We'll rely on the pleadings and records on the docket and refer them to you for your review.

Separately, we have now come to understand that Quinn has a conflict of interest that should prevent it from acting as counsel of record for SCI in this matter.  Apparently, Quinn Emanuel represented Uber in a substantially similar case only a few years ago (*The Yellow Cab Co.  et al. v. Uber Technologies, Inc., et al.*, No. 1:14-cv-02764-RDB (D. Md.)), in addition to representing Uber in a whole host of other similar litigation matters.  Please explain on what basis Quinn believes, if it does believe, that it can act as counsel against Uber in this case in light of its prior representations of Uber.  In the meantime, Uber does not waive any rights by seeking to extend the briefing schedule or to relate the pending cases.

Regards,
Kevin

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Thursday, December 27, 2018 4:22 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno

<mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>;
Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Thank you Kevin.

We are available to speak tomorrow, but we would still need client approval for any final
decisions. Please let us know what time works for you.

While we appreciate you sending us the DeSoto complaints and citing the rule, in preparation
for our meet and confer call we need more information to understand and consider your
request.  Please specifically identify what you are referencing when you say: the "same course
of conduct" is involved in the two cases, when DeSoto is a taxi case; what efficiencies are
achieved by relating the two cases, when DeSoto and its business are unrelated (if you are
referencing Uber witnesses, please identify them); and what caselaw supports your position.

Best Regards,
Ethan Glass
Direct: (202) 538-8265
Mobile: (202) 531-2396

On Dec 26, 2018, at 9:26 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  Please let us know if your client will agree to an extended schedule for responding to
the complaint.

As for the relation issue, we believe the two actions are "related" under the definition in Civil Local
Rule 3-12(a) because SC Innovations brings three of the same causes of actions as Flywheel against
essentially the same defendants regarding the same alleged course of conduct over the same
general time period.  In addition, given where the *Flywheel* case currently stands, the *SC Innovations*
case would proceed on roughly the same timeline.  Efficiency and judicial economy for the court and
the parties would be well-served by relating the two actions.  We also note that the local rules state
that Uber "*must* promptly file" a motion to relate given our conclusion about the cases.  Civil L.R. 3-
12(b) (emphasis added).

We've attached the *Flywheel* initial complaint and first amended complaint for your convenience.  If
you're available tomorrow, please let us know what times we could meet and confer by phone.

Regards,
Kevin

**Kevin Yeh**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502

KYeh@gibsondunn.com • www.gibsondunn.com

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Wednesday, December 26, 2018 1:35 PM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno
<mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>;
Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Dear Cynthia and Kevin,

First, we are inclined to give you an extension to respond to the complaint, but we still need
client approval. Due to the holidays, we don't expect to have that this week.

Second, we cannot respond to your request to relate this week.  Again we will not have client
approval. But, more importantly, we do not understand the basis for your motion and have not
properly met and conferred on that basis. So that we can fully consider your request, and
properly meet and confer, please identify the legal basis for seeking to relate, including any
relevant authority.

Best,
Ethan

On Dec 26, 2018, at 3:55 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Dear Ethan,

I wanted to follow up on the voicemail that my colleague left you on Monday.  Could you
please let us know whether Sidecar will stipulate to relating the *Sidecar* action to *Flywheel*.  If
so, we can prepare the papers and file them tomorrow.  If not, Uber plans to file a motion to
relate by the end of the day tomorrow.  Please let us know your client's position by tomorrow
at 12 pm PT.

Also, given Sidecar's complaint was served last Friday and that we are in the midst of the
holiday season, Uber requests a 2-week extension to file its motion to dismiss (making it due
on January 25th).  Uber would be willing to stipulate to an extended deadline for Sidecar's
opposition and Uber's reply.  Please let us know your thoughts.

Thank you,
Kevin Yeh


**Kevin Yeh**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

<Flywheel initial complaint.pdf>
<Flywheel FAC.pdf>

# EXHIBIT C

| | |
|---|---|
| **From:** | Mike Bonanno |
| **To:** | Yeh, Kevin; Ethan Glass |
| **Cc:** | Claude M. Stern; Swanson, Daniel G.; Richman, Cynthia |
| **Subject:** | Re: SCI v. Uber: Availability to meet and confer 1/4/19 |
| **Date:** | Friday, January 4, 2019 6:22:59 AM |

[External Email]

Kevin – We are available at 1:30 pm ET.

Thanks,

Mike

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Thursday, January 3, 2019 at 3:03 PM
**To:** Ethan Glass <ethanglass@quinnemanuel.com>, Mike Bonanno
<mikebonanno@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, "Swanson, Daniel G."
<DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>
**Subject:** SCI v. Uber: Availability to meet and confer 1/4/19

Ethan and Mike,

Hope all is well.  Would you have time to meet and confer by phone tomorrow, January 4th?  We'd
like to discuss case scheduling and see if we can reach an agreement that can be presented to the
court.

We're generally available all day Friday, but the best times would be 1-2 p.m. and after 3 p.m.
Eastern.

Thanks,
Kevin

**Kevin Yeh**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error,
please reply to advise the sender of the error and then immediately delete this message.

# EXHIBIT D

| | |
|---|---|
| **From:** | Yeh, Kevin |
| **To:** | "Mike Bonanno" |
| **Cc:** | Claude M. Stern; Swanson, Daniel G.; Richman, Cynthia; Harry Olivar; Ethan Glass |
| **Subject:** | RE: SC Innovations v. Uber - Motion to Relate |
| **Date:** | Saturday, January 5, 2019 3:30:00 PM |

Mike,

Thanks.  Two clarifying points:

- If the DQ motion is granted, the complaint that Quinn filed would almost certainly be struck, in addition to any briefing.  Thus, we propose that we will proceed under the ordinary briefing rules if new counsel for SCI appears and files a new complaint.
- With regard to the Maryland case, it is one example of a matter that bears a substantial relationship to SCI's case, but there are others in which Quinn would have obtained confidential information material to its representation of SCI.  As I mentioned, we continue to look into the extent of Quinn's work for Uber.  Below is a non-exhaustive list of other unfair competition and similar cases in which Quinn defended Uber against allegations of unfair or anticompetitive conduct.  In addition, we understand that Quinn provided general advice on competition-related matters as well.

We understand that you believe disqualification is not warranted, and we continue to invite you to explain why you believe that is the case.

We look forward to hearing your client's response on our proposed schedule on Monday.  But regardless of where we come out on the particulars of the briefing schedule, in light of the January 10 deadline to respond to the complaint, we ask that you and your client agree to a stay of that deadline until either the parties come to an agreement or the court issues a ruling on the schedule.  This request is a continuation of our good-faith efforts to reach a mutually acceptable solution with SCI, first raised with you on December 26, without unilaterally seeking relief from the court despite the holidays and impending deadline so that you've had opportunities to confer with your client.  Please let us know your client's position by Monday at 1:30 p.m. Eastern.

Regards,
Kevin


Partial List of Quinn Representations of Uber

1. *Albuquerque Cab Co. v. Uber* (County of Bernalillo, NM)
2. *Boston Cab Dispatch v. Uber* (D. Mass.)
3. *Ezeokoli v. Uber* (Alameda County)
4. *Goncharov v. Uber* (San Francisco County)
5. *Greater Houston Transportation Co. v. Uber* (S.D. Tex.)
6. *Greenwich Taxi v. Uber* (D. Conn.)
7. *L&Z Transportation v. Uber* (E.D. Va.)
8. *Manzo v. Uber* (N.D. Ill.)

9. *McCandliss v. Uber* (N.D. Ga.)
10. *Southern Transportation v. Uber* (W.D. Tenn.)
11. *United Independent Taxi Drivers v. Uber* (Los Angeles County)
12. *Yellow Cab Co. v. Uber* (D. Md.)
13. *Yellow Group v. Uber* (N.D. Ill.)

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

**From:** Mike Bonanno <mikebonanno@quinnemanuel.com>
**Sent:** Saturday, January 5, 2019 10:13 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Harry Olivar <harryolivar@quinnemanuel.com>; Ethan Glass <ethanglass@quinnemanuel.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Kevin,

This email confirms what we discussed on our call at 1:30 pm ET yesterday.  At the outset, I'll note your request for a response by noon today to the schedule you proposed during the call is unreasonable.  We are considering Uber's proposal in good faith and we will get back to you by 1:30 pm ET on Monday.

Here is a recap of our discussion.

***Scheduling.***  Uber made the following scheduling proposal:

- Uber would decide whether to move for disqualification by February 1.

- If Uber decided not to move for disqualification, it would file its motion to dismiss by February 8.  Sidecar's opposition would be due 28 days later.  And Uber would have 14 days to file a reply brief.

- If Uber filed a motion for disqualification on or before February 1, its motion to dismiss would be due 7 days after (a) the ruling by the Court on the motion for disqualification, or (b) appearance by new counsel acting for Sidecar.  The cadence for the rest of the briefing schedule would be the same as above.

***Alleged Grounds for Disqualification.***  With regard to the potential motion for disqualification, you reiterated that Uber has not yet decided whether to move to disqualify Quinn Emanuel and

confirmed that you would meet and confer with us regarding the supposed grounds for such a motion before filing it.

You explained that Uber's allegations of a purported conflict are based on the following:

- Quinn Emanuel was one of Uber's first outside law firms;

- Quinn Emanuel represented Uber in the Maryland case you identified below, which you cited as the best example of the alleged conflict;

- Quinn Emanuel represented Uber in additional (unnamed) cases involving competition matters and pricing;

- Quinn Emanuel provided general litigation strategy consulting and advice to Uber;

- Quinn Emanuel has been privy to Uber's litigation and settlement playbook in those matters; and

- Quinn Emanuel is currently representing certain former Uber employees in their individual capacities.

Although our firm takes any assertion of an ethical conflict seriously, nothing you have identified raises an issue that could support potential disqualification.  As we stated, we will address any points you have raised during meet and confer discussions after your client decides whether to move to disqualify, and after consulting with our firm Conflicts Counsel.   If Uber has a legitimate concern that our firm received material confidential information from our prior representation of Uber in unrelated matters (we do not believe this is true), we are of course willing to discuss with you any prophylactic measures Uber thinks are necessary, to the extent they are not already in place.

We previously asked that when you are prepared to discuss your conflict allegations, you let us know so we can include Harry Olivar, our Conflicts Counsel, in those discussions.  Your January 3 email requesting a meet and confer only referenced scheduling, not the disqualification issue, so we did not involve Harry in the call.  Please copy him on any further communications concerning a purported conflict.

Best,

Mike

---

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Saturday, December 29, 2018 at 7:03 PM
**To:** Mike Bonanno <mikebonanno@quinnemanuel.com>, Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, "Swanson, Daniel G." <DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>, Harry Olivar <harryolivar@quinnemanuel.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Thanks, Mike.  We intend to file our motion on Monday afternoon and need your client's response no later than noon Pacific time.  As for the disqualification issue, we are continuing to assess the matter and will update your team as appropriate.  It would help our analysis if Quinn can explain why it "believe[s] this matter is not substantially related to [its] prior work for Uber."

Regards,
Kevin

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

**From:** Mike Bonanno <mikebonanno@quinnemanuel.com>
**Sent:** Saturday, December 29, 2018 7:52 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>; Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Harry Olivar <harryolivar@quinnemanuel.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Kevin,

This email memorializes what we discussed yesterday.

1.  We will get back to you no later than Monday (12/31) on your request to relate this case to the Flywheel case pursuant to Civ. Local Rule 3-12.

2.  We understand that your client is still evaluating a potential motion to disqualify Quinn Emanuel from serving as counsel for SC Innovations in this case and has not yet decided whether it will proceed with such a motion.  If you decide to proceed with a disqualification motion, we understand that you will meet and confer with us regarding the asserted grounds for the motion before filing it.

    As Ethan mentioned before, we believe this matter is not substantially related to our firm's prior work for Uber and that for that reason a disqualification motion would be meritless. We take assertions of ethical conflicts and threats of disqualification motions seriously, and for that reason I have copied Harry Olivar, our firm Conflicts Counsel, on this email.  Please include him on any further correspondence concerning any potential motion for disqualification.

3.  Your request for an extension of Uber's deadline to move to dismiss is necessarily intertwined

your suggestion that you will seek a stay should your client decide to move forward with a disqualification motion.  For that reason, we've tabled our consideration of your request to extend the motion to dismiss deadline for now.  We will review any proposed briefing schedule you put forward after your client decides how to proceed on its potential motion for disqualification.

Best,

Mike

---

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Friday, December 28, 2018 at 12:25 PM
**To:** Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, Mike Bonanno <mikebonanno@quinnemanuel.com>, "Swanson, Daniel G." <DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Yes, that works too.  Confirming for 3 p.m. Eastern.

**Kevin Yeh**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Friday, December 28, 2018 9:22 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

[External Email]
Hey Kevin, I'm sorry but something came up.  Can we talk at 3 instead?

---

**From:** Yeh, Kevin [mailto:KYeh@gibsondunn.com]
**Sent:** Friday, December 28, 2018 12:20 PM
**To:** Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Ethan,

I'm confirming for 2:30 Eastern today.  We can use this dial-in number.

866-747-5969
Passcode:  4153938321#

Thanks,
Kevin

**Kevin Yeh**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Thursday, December 27, 2018 7:33 PM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno
<mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>;
Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Hi Kevin, how about 2:30 DC time?

As for your statement about QE's prior work for Uber, it is incorrect and we disagree.  That
work was not substantially related to this case.

Best, eg

On Dec 27, 2018, at 7:24 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  We can chat anytime Friday, with a preference for the earlier part of the day.  Let us
know what time works.

Regarding the relation issue, our view is that that both actions are competitor cases (or, in the case
of *SC Innovations*, a competitor that purportedly assigned its litigation rights).  We'll rely on the
pleadings and records on the docket and refer them to you for your review.

Separately, we have now come to understand that Quinn has a conflict of interest that should
prevent it from acting as counsel of record for SCI in this matter.  Apparently, Quinn Emanuel
represented Uber in a substantially similar case only a few years ago (*The Yellow Cab Co.  et al. v.*

*Uber Technologies, Inc., et al.*, No. 1:14-cv-02764-RDB (D. Md.)), in addition to representing Uber in a whole host of other similar litigation matters.  Please explain on what basis Quinn believes, if it does believe, that it can act as counsel against Uber in this case in light of its prior representations of Uber.  In the meantime, Uber does not waive any rights by seeking to extend the briefing schedule or to relate the pending cases.

Regards,
Kevin

**Kevin Yeh**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Thursday, December 27, 2018 4:22 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Thank you Kevin.

We are available to speak tomorrow, but we would still need client approval for any final decisions. Please let us know what time works for you.

While we appreciate you sending us the DeSoto complaints and citing the rule, in preparation for our meet and confer call we need more information to understand and consider your request.  Please specifically identify what you are referencing when you say: the "same course of conduct" is involved in the two cases, when DeSoto is a taxi case; what efficiencies are achieved by relating the two cases, when DeSoto and its business are unrelated (if you are referencing Uber witnesses, please identify them); and what caselaw supports your position.

Best Regards,
Ethan Glass
Direct: (202) 538-8265
Mobile: (202) 531-2396

On Dec 26, 2018, at 9:26 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  Please let us know if your client will agree to an extended schedule for responding to the complaint.

As for the relation issue, we believe the two actions are "related" under the definition in Civil Local Rule 3-12(a) because SC Innovations brings three of the same causes of actions as Flywheel against essentially the same defendants regarding the same alleged course of conduct over the same general time period.  In addition, given where the *Flywheel* case currently stands, the *SC Innovations* case would proceed on roughly the same timeline.  Efficiency and judicial economy for the court and the parties would be well-served by relating the two actions.  We also note that the local rules state that Uber "*must* promptly file" a motion to relate given our conclusion about the cases.  Civil L.R. 3-12(b) (emphasis added).

We've attached the *Flywheel* initial complaint and first amended complaint for your convenience.  If you're available tomorrow, please let us know what times we could meet and confer by phone.

Regards,
Kevin

**Kevin Yeh**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Wednesday, December 26, 2018 1:35 PM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Dear Cynthia and Kevin,

First, we are inclined to give you an extension to respond to the complaint, but we still need client approval. Due to the holidays, we don't expect to have that this week.

Second, we cannot respond to your request to relate this week.  Again we will not have client approval. But, more importantly, we do not understand the basis for your motion and have not properly met and conferred on that basis. So that we can fully consider your request, and properly meet and confer, please identify the legal basis for seeking to relate, including any relevant authority.

Best,
Ethan

On Dec 26, 2018, at 3:55 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Dear Ethan,

I wanted to follow up on the voicemail that my colleague left you on Monday.  Could you please let us know whether Sidecar will stipulate to relating the *Sidecar* action to *Flywheel*.  If so, we can prepare the papers and file them tomorrow.  If not, Uber plans to file a motion to relate by the end of the day tomorrow.  Please let us know your client's position by tomorrow at 12 pm PT.

Also, given Sidecar's complaint was served last Friday and that we are in the midst of the holiday season, Uber requests a 2-week extension to file its motion to dismiss (making it due on January 25th).  Uber would be willing to stipulate to an extended deadline for Sidecar's opposition and Uber's reply.  Please let us know your thoughts.

Thank you,
Kevin Yeh


**Kevin Yeh**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

<Flywheel initial complaint.pdf>
<Flywheel FAC.pdf>

# EXHIBIT E

| From: | Mike Bonanno |
|---|---|
| To: | Yeh, Kevin |
| Cc: | Claude M. Stern; Swanson, Daniel G.; Richman, Cynthia; Harry Olivar; Ethan Glass |
| Subject: | Re: SC Innovations v. Uber - Motion to Relate |
| Date: | Monday, January 7, 2019 10:04:48 AM |

[External Email]

Kevin,

SC Innovations rejects Uber's January 4 scheduling proposal, and Uber's January 5 request to indefinitely stay this matter.

On January 4, Uber first proposed that this matter be stayed indefinitely while Uber decides whether to bring, and then litigates, a disqualification motion against Quinn Emanuel.  While we have been willing to provide Uber with reasonable extensions to respond to the complaint as a courtesy, Uber's January 4 proposal confirms Uber's real goal here: to delay this matter indefinitely based on a meritless motion for disqualification.  As we told you on December 28, such a tactical use of a motion for disqualification is improper.  *See generally Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003).

Uber has known about Quinn Emanuel's involvement in this antitrust case since November 11, and on December 5, we sent Uber a draft complaint.  Only on December 26 did Uber first raise that it might view Quinn Emanuel's participation in this matter to present a conflict of interest.  Since then, we have continually told Uber there is no conflict and asked Uber to specifically identify the basis for its incorrect position—as it is Uber's burden to prove a conflict.  *See, e.g., H. F. Ahmanson & Co. v. Salomon Bros., Inc.*, 229 Cal. App. 3d 1445, 1452, 280 Cal. Rptr. 614, 617 (Ct. App. 1991). Uber has only responded with generalized statements, followed by the concession that it still has not yet decided whether there actually is a conflict of interest.

Our client cannot accept Uber's request to put this case on hold under these circumstances.  With the current January 10 deadline, Uber has had 36 days from when it first received the complaint (December 5) to prepare its response.  That is a generous amount of time, especially since Uber has claimed this case is substantially the same as the *DeSoto* case—where Uber has had the benefit of 2 years of litigation, full motion to dismiss briefing, and an order on that motion to dismiss.

Please include this email chain in any filing Uber makes with the Court.

Best,

Mike

---

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Saturday, January 5, 2019 at 6:30 PM
**To:** Mike Bonanno <mikebonanno@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, "Swanson, Daniel G." <DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>, Harry

Olivar <harryolivar@quinnemanuel.com>, Ethan Glass <ethanglass@quinnemanuel.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Mike,

Thanks.  Two clarifying points:

- If the DQ motion is granted, the complaint that Quinn filed would almost certainly be struck, in addition to any briefing.  Thus, we propose that we will proceed under the ordinary briefing rules if new counsel for SCI appears and files a new complaint.
- With regard to the Maryland case, it is one example of a matter that bears a substantial relationship to SCI's case, but there are others in which Quinn would have obtained confidential information material to its representation of SCI.  As I mentioned, we continue to look into the extent of Quinn's work for Uber.  Below is a non-exhaustive list of other unfair competition and similar cases in which Quinn defended Uber against allegations of unfair or anticompetitive conduct.  In addition, we understand that Quinn provided general advice on competition-related matters as well.

We understand that you believe disqualification is not warranted, and we continue to invite you to explain why you believe that is the case.

We look forward to hearing your client's response on our proposed schedule on Monday.  But regardless of where we come out on the particulars of the briefing schedule, in light of the January 10 deadline to respond to the complaint, we ask that you and your client agree to a stay of that deadline until either the parties come to an agreement or the court issues a ruling on the schedule. This request is a continuation of our good-faith efforts to reach a mutually acceptable solution with SCI, first raised with you on December 26, without unilaterally seeking relief from the court despite the holidays and impending deadline so that you've had opportunities to confer with your client. Please let us know your client's position by Monday at 1:30 p.m. Eastern.

Regards,
Kevin


Partial List of Quinn Representations of Uber
1. *Albuquerque Cab Co. v. Uber* (County of Bernalillo, NM)
2. *Boston Cab Dispatch v. Uber* (D. Mass.)
3. *Ezeokoli v. Uber* (Alameda County)
4. *Goncharov v. Uber* (San Francisco County)
5. *Greater Houston Transportation Co. v. Uber* (S.D. Tex.)
6. *Greenwich Taxi v. Uber* (D. Conn.)
7. *L&Z Transportation v. Uber* (E.D. Va.)
8. *Manzo v. Uber* (N.D. Ill.)
9. *McCandliss v. Uber* (N.D. Ga.)
10. *Southern Transportation v. Uber* (W.D. Tenn.)
11. *United Independent Taxi Drivers v. Uber* (Los Angeles County)

12. *Yellow Cab Co. v. Uber* (D. Md.)
13. *Yellow Group v. Uber* (N.D. Ill.)

**Kevin Yeh**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Mike Bonanno <mikebonanno@quinnemanuel.com>
**Sent:** Saturday, January 5, 2019 10:13 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Harry Olivar <harryolivar@quinnemanuel.com>; Ethan Glass <ethanglass@quinnemanuel.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Kevin,

This email confirms what we discussed on our call at 1:30 pm ET yesterday.  At the outset, I'll note your request for a response by noon today to the schedule you proposed during the call is unreasonable.  We are considering Uber's proposal in good faith and we will get back to you by 1:30 pm ET on Monday.

Here is a recap of our discussion.

***Scheduling.***  Uber made the following scheduling proposal:

- Uber would decide whether to move for disqualification by February 1.

- If Uber decided not to move for disqualification, it would file its motion to dismiss by February 8.  Sidecar's opposition would be due 28 days later.  And Uber would have 14 days to file a reply brief.

- If Uber filed a motion for disqualification on or before February 1, its motion to dismiss would be due 7 days after (a) the ruling by the Court on the motion for disqualification, or (b) appearance by new counsel acting for Sidecar.  The cadence for the rest of the briefing schedule would be the same as above.

***Alleged Grounds for Disqualification.***  With regard to the potential motion for disqualification, you reiterated that Uber has not yet decided whether to move to disqualify Quinn Emanuel and confirmed that you would meet and confer with us regarding the supposed grounds for such a motion before filing it.

You explained that Uber's allegations of a purported conflict are based on the following:

- Quinn Emanuel was one of Uber's first outside law firms;

- Quinn Emanuel represented Uber in the Maryland case you identified below, which you cited as the best example of the alleged conflict;

- Quinn Emanuel represented Uber in additional (unnamed) cases involving competition matters and pricing;

- Quinn Emanuel provided general litigation strategy consulting and advice to Uber;

- Quinn Emanuel has been privy to Uber's litigation and settlement playbook in those matters; and

- Quinn Emanuel is currently representing certain former Uber employees in their individual capacities.

Although our firm takes any assertion of an ethical conflict seriously, nothing you have identified raises an issue that could support potential disqualification.  As we stated, we will address any points you have raised during meet and confer discussions after your client decides whether to move to disqualify, and after consulting with our firm Conflicts Counsel.   If Uber has a legitimate concern that our firm received material confidential information from our prior representation of Uber in unrelated matters (we do not believe this is true), we are of course willing to discuss with you any prophylactic measures Uber thinks are necessary, to the extent they are not already in place.

We previously asked that when you are prepared to discuss your conflict allegations, you let us know so we can include Harry Olivar, our Conflicts Counsel, in those discussions.  Your January 3 email requesting a meet and confer only referenced scheduling, not the disqualification issue, so we did not involve Harry in the call.  Please copy him on any further communications concerning a purported conflict.

Best,

Mike

---

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Saturday, December 29, 2018 at 7:03 PM
**To:** Mike Bonanno <mikebonanno@quinnemanuel.com>, Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, "Swanson, Daniel G." <DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>, Harry Olivar <harryolivar@quinnemanuel.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Thanks, Mike.  We intend to file our motion on Monday afternoon and need your client's response no later than noon Pacific time.  As for the disqualification issue, we are continuing to assess the matter and will update your team as appropriate.  It would help our analysis if Quinn can explain why

it "believe[s] this matter is not substantially related to [its] prior work for Uber."

Regards,
Kevin

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Mike Bonanno <mikebonanno@quinnemanuel.com>
**Sent:** Saturday, December 29, 2018 7:52 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>; Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Swanson, Daniel G.
<DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>; Harry Olivar
<harryolivar@quinnemanuel.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Kevin,

This email memorializes what we discussed yesterday.

1.  We will get back to you no later than Monday (12/31) on your request to relate this case to
    the Flywheel case pursuant to Civ. Local Rule 3-12.

2.  We understand that your client is still evaluating a potential motion to disqualify Quinn
    Emanuel from serving as counsel for SC Innovations in this case and has not yet decided
    whether it will proceed with such a motion.  If you decide to proceed with a disqualification
    motion, we understand that you will meet and confer with us regarding the asserted grounds
    for the motion before filing it.

    As Ethan mentioned before, we believe this matter is not substantially related to our firm's
    prior work for Uber and that for that reason a disqualification motion would be meritless.
    We take assertions of ethical conflicts and threats of disqualification motions seriously, and
    for that reason I have copied Harry Olivar, our firm Conflicts Counsel, on this email.  Please
    include him on any further correspondence concerning any potential motion for
    disqualification.

3.  Your request for an extension of Uber's deadline to move to dismiss is necessarily intertwined
    your suggestion that you will seek a stay should your client decide to move forward with a
    disqualification motion.  For that reason, we've tabled our consideration of your request to
    extend the motion to dismiss deadline for now.  We will review any proposed briefing

schedule you put forward after your client decides how to proceed on its potential motion for disqualification.

Best,

Mike

---

**From:** "Yeh, Kevin" <KYeh@gibsondunn.com>
**Date:** Friday, December 28, 2018 at 12:25 PM
**To:** Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** "Claude M. Stern" <claudestern@quinnemanuel.com>, Mike Bonanno <mikebonanno@quinnemanuel.com>, "Swanson, Daniel G." <DSwanson@gibsondunn.com>, "Richman, Cynthia" <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Yes, that works too.  Confirming for 3 p.m. Eastern.

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Friday, December 28, 2018 9:22 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

[External Email]
Hey Kevin, I'm sorry but something came up.  Can we talk at 3 instead?

---

**From:** Yeh, Kevin [mailto:KYeh@gibsondunn.com]
**Sent:** Friday, December 28, 2018 12:20 PM
**To:** Ethan Glass <ethanglass@quinnemanuel.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** RE: SC Innovations v. Uber - Motion to Relate

Ethan,

I'm confirming for 2:30 Eastern today.  We can use this dial-in number.

866-747-5969
Passcode:  4153938321#

Thanks,
Kevin

**Kevin Yeh**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Thursday, December 27, 2018 7:33 PM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno
<mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>;
Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Hi Kevin, how about 2:30 DC time?

As for your statement about QE's prior work for Uber, it is incorrect and we disagree.  That
work was not substantially related to this case.

Best, eg

On Dec 27, 2018, at 7:24 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  We can chat anytime Friday, with a preference for the earlier part of the day.  Let us
know what time works.

Regarding the relation issue, our view is that that both actions are competitor cases (or, in the case
of *SC Innovations*, a competitor that purportedly assigned its litigation rights).  We'll rely on the
pleadings and records on the docket and refer them to you for your review.

Separately, we have now come to understand that Quinn has a conflict of interest that should
prevent it from acting as counsel of record for SCI in this matter.  Apparently, Quinn Emanuel
represented Uber in a substantially similar case only a few years ago (*The Yellow Cab Co.  et al. v.
Uber Technologies, Inc., et al.*, No. 1:14-cv-02764-RDB (D. Md.)), in addition to representing Uber in a
whole host of other similar litigation matters.  Please explain on what basis Quinn believes, if it does
believe, that it can act as counsel against Uber in this case in light of its prior representations of
Uber.  In the meantime, Uber does not waive any rights by seeking to extend the briefing schedule

or to relate the pending cases.

Regards,
Kevin

**Kevin Yeh**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Thursday, December 27, 2018 4:22 AM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno
<mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>;
Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Thank you Kevin.

We are available to speak tomorrow, but we would still need client approval for any final
decisions. Please let us know what time works for you.

While we appreciate you sending us the DeSoto complaints and citing the rule, in preparation
for our meet and confer call we need more information to understand and consider your
request.  Please specifically identify what you are referencing when you say: the "same course
of conduct" is involved in the two cases, when DeSoto is a taxi case; what efficiencies are
achieved by relating the two cases, when DeSoto and its business are unrelated (if you are
referencing Uber witnesses, please identify them); and what caselaw supports your position.

Best Regards,
Ethan Glass
Direct: (202) 538-8265
Mobile: (202) 531-2396

On Dec 26, 2018, at 9:26 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Thanks, Ethan.  Please let us know if your client will agree to an extended schedule for responding to
the complaint.

As for the relation issue, we believe the two actions are "related" under the definition in Civil Local
Rule 3-12(a) because SC Innovations brings three of the same causes of actions as Flywheel against
essentially the same defendants regarding the same alleged course of conduct over the same
general time period.  In addition, given where the *Flywheel* case currently stands, the *SC Innovations*

case would proceed on roughly the same timeline.  Efficiency and judicial economy for the court and the parties would be well-served by relating the two actions.  We also note that the local rules state that Uber "*must* promptly file" a motion to relate given our conclusion about the cases.  Civil L.R. 3-12(b) (emphasis added).

We've attached the *Flywheel* initial complaint and first amended complaint for your convenience.  If you're available tomorrow, please let us know what times we could meet and confer by phone.

Regards,
Kevin

**Kevin Yeh**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

**From:** Ethan Glass <ethanglass@quinnemanuel.com>
**Sent:** Wednesday, December 26, 2018 1:35 PM
**To:** Yeh, Kevin <KYeh@gibsondunn.com>
**Cc:** Claude M. Stern <claudestern@quinnemanuel.com>; Mike Bonanno <mikebonanno@quinnemanuel.com>; Swanson, Daniel G. <DSwanson@gibsondunn.com>; Richman, Cynthia <CRichman@gibsondunn.com>
**Subject:** Re: SC Innovations v. Uber - Motion to Relate

[External Email]
Dear Cynthia and Kevin,

First, we are inclined to give you an extension to respond to the complaint, but we still need client approval. Due to the holidays, we don't expect to have that this week.

Second, we cannot respond to your request to relate this week.  Again we will not have client approval. But, more importantly, we do not understand the basis for your motion and have not properly met and conferred on that basis. So that we can fully consider your request, and properly meet and confer, please identify the legal basis for seeking to relate, including any relevant authority.

Best,
Ethan

On Dec 26, 2018, at 3:55 PM, Yeh, Kevin <KYeh@gibsondunn.com> wrote:

Dear Ethan,

I wanted to follow up on the voicemail that my colleague left you on Monday.  Could you please let us know whether Sidecar will stipulate to relating the *Sidecar* action to *Flywheel*.  If

so, we can prepare the papers and file them tomorrow.  If not, Uber plans to file a motion to relate by the end of the day tomorrow.  Please let us know your client's position by tomorrow at 12 pm PT.

Also, given Sidecar's complaint was served last Friday and that we are in the midst of the holiday season, Uber requests a 2-week extension to file its motion to dismiss (making it due on January 25th).  Uber would be willing to stipulate to an extended deadline for Sidecar's opposition and Uber's reply.  Please let us know your thoughts.

Thank you,
Kevin Yeh


**Kevin Yeh**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
555 Mission Street, San Francisco, CA 94105-0921
Tel +1 415.393.8321 • Fax +1 415.229.3502
KYeh@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

<Flywheel initial complaint.pdf>
<Flywheel FAC.pdf>