THEODORE J. BOUTROUS, JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

CYNTHIA RICHMAN (*pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 11101
Telephone: 202.955.8500
Facsimile: 202.467.0539

KEVIN YEH, SBN 314079
  kyeh@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Uber Technologies, Inc, Rasier LLC,
Rasier-CA LLC, Rasier-PA LLC, Rasier-DC LLC,
Rasier-NY LLC, Uber-USA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SC Innovations, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Uber Technologies, Inc; Rasier LLC; Rasier-CA LLC; Rasier-PA LLC; Rasier-DC LLC; Rasier-NY LLC; Uber-USA LLC, <br><br> Defendants. | CASE NO. 3:18-CV-07440-JCS <br><br> **DECLARATION OF SALLE YOO IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br><br> **Hearing:** <br> Date: April 12, 2019 <br> Time: 9:30 a.m. <br> Place: Courtroom G, 450 Golden Gate Avenue, San Francisco, CA <br> Judge: Hon. Joseph C. Spero |

Gibson, Dunn &
Crutcher LLP

I, Salle Yoo, declare as follows:

1. I am an attorney duly licensed to practice in the state of California. I make this declaration in support of Defendants' Motion to Disqualify Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"). I have personal knowledge of the facts set forth herein and if called and sworn as a witness I could and would competently testify thereto. By making this declaration, I do not intend to waive any applicable privileges that may be asserted by Uber Technologies, Inc. ("Uber"), and its affiliates, or by any current or former counsel to Uber, including the attorney-client and work-product privileges.

**Background**

2. I am the former Chief Legal Officer, General Counsel, and Corporate Secretary of Uber. I was employed by Uber from July 2012 until December 2017. Immediately prior to my employment at Uber, I was a partner at Davis Wright Tremaine LLP.

3. While at Uber, my responsibilities included supervising Uber's legal department and advising the company on legal matters. From time to time, Uber's legal department selected and retained outside counsel to represent Uber in civil litigation and to advise Uber on various legal matters. At times, I worked directly with outside law firms and their attorneys on their work on behalf of Uber.

4. I understand that Uber is moving to disqualify Quinn Emanuel from representing Plaintiff, SC Innovations, Inc. ("SCI"), in this lawsuit. I have reviewed SCI's Complaint and have been informed of the arguments made by Uber in support of its motion to disqualify.

**Quinn Emanuel's Work for Uber**

5. To my knowledge, the very first lawsuit naming Uber as a defendant was filed in or around October 2012. A group of taxicab operators sued Uber in the U.S. District Court for the Northern District of Illinois, alleging, *inter alia*, that Uber's business conduct in Chicago violated state unfair competition laws. The case was *Yellow Group LLC, et al. v. Uber Technologies, Inc.*, No. 1:12-CV-07967 ("*Yellow Group*").

6. In October 2012, I was Uber's sole in-house lawyer. With the filing of the *Yellow Group* case, I anticipated that similar unfair competition lawsuits may be filed in other jurisdictions.

Gibson, Dunn & Crutcher LLP

1

DECLARATION OF SALLE YOO IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP – CASE NO. 3:18-CV-07440-JCS

Uber retained Quinn Emanuel to advise and represent Uber in the *Yellow Group* lawsuit because, among other reasons, the firm had a national presence, could defend potentially similar cases filed elsewhere in the United States, and could work with Uber to develop a consistent nationwide strategy for litigation involving competition issues. As part of its work for Uber, I anticipated that Quinn Emmanuel would provide advice on compliance with state and federal antitrust and unfair competition laws. I viewed Quinn Emanuel as an important strategic partner to Uber in advising on these matters and anticipated that the firm's work for Uber would grow over time.

7. Quinn Emanuel represented Uber from 2012 through 2016, first as Uber's primary outside litigation counsel and later as a member of the Company's "Preferred Counsel" program. Over those four years, the firm advised Uber on many of the Company's most sensitive and high-profile litigation matters and legal issues.

8. Specifically, Uber sought strategic antitrust compliance advice related to Uber's business model and conduct from Quinn Emanuel attorneys, including John Quinn.

9. I am informed that Uber's records reflect that Quinn Emanuel represented Uber in approximately 16 U.S. lawsuits that alleged violations of antitrust and unfair competition laws, as well as a litigation matter in Germany. In addition to these representations, Quinn Emanuel sought to represent Uber in other civil litigation matters involving issues relating to competition. The communications between Uber's legal team and the Quinn Emanuel attorneys spanned numerous emails, telephone calls, videoconferences, and even frequent in-person visits by Quinn Emanuel attorneys to Uber's corporate headquarters in San Francisco.

10. One recurring allegation in competition lawsuits filed against Uber was that Uber's business model and rapid expansion caused injury to competing service providers, like taxicab drivers and operators. Quinn Emanuel worked closely with Uber's in-house attorneys and business people to develop legal strategies to defeat cases making these allegations. That effort involved analysis of competitors and the competitive landscape in various geographic areas, market conditions, pricing, confidential business strategies, and confidential data. For example, during the course of the *Yellow Group* litigation, Quinn Emanuel partner Stephen Swedlow was consulted on proposed pricing changes to a certain Uber product in Chicago.

Gibson, Dunn & Crutcher LLP

2

DECLARATION OF SALLE YOO IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP – CASE NO. 3:18-CV-07440-JCS

11. Uber and I expected that Quinn Emmanuel would maintain the confidentiality of Uber's privileged information, as well as highly sensitive business information provided by Uber to Quinn Emanuel to formulate Uber's legal defenses to lawsuits and to provide advice to the company and its executives. Based on my experience and my understanding of the issues raised in this litigation, I believe Quinn Emanuel's representation of SCI against Uber may involve substantive factual and legal questions that overlap with the privileged and confidential information exchanged between Uber and Quinn Emmanuel in an attorney-client relationship.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of February, 2019, in San Francisco, California.

By: _____
Salle Yoo

Gibson, Dunn & Crutcher LLP

3
DECLARATION OF SALLE YOO IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP – CASE NO. 3:18-CV-07440-JCS