QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert P. Feldman (Bar No. 69602)
  bobfeldman@quinnemanuel.com
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  555 Twin Dolphin Drive # 560
  Redwood City, CA 94065
  (650) 801-5000 Tel.
  (650) 801-5100 Fax

  Ethan Glass (Bar No. 216159)
  ethanglass@quinnemanuel.com
  Michael D. Bonanno (DC Bar. No. 998208, *admitted pro hac vice*)
  mikebonanno@quinnemanuel.com
  1300 I Street, NW # 900
  Washington, DC 20005
  (202) 538-8000 Tel.
  (202) 538-8100 Fax

  Attorneys for Plaintiff SC Innovations, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SC INNOVATIONS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC, RASIER-PA, LLC, RASIER-DC, LLC, RASIER-NY, LLC, AND UBER USA, LLC,<br><br>Defendants. | CASE NO. 3:18-cv-07440-JCS<br><br>**DECLARATION OF JOHN B. QUINN IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>Hearing Date:   April 26, 2019<br><br>Time:             9:30 a.m.<br><br>Location:        Courtroom G,<br>                 450 Golden Gate Avenue<br>                 San Francisco, CA |

## __DECLARATION__

I, John B. Quinn, declare and state as follows:

1.      I am an attorney licensed to practice law in the State of California, and I am the founding partner of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel").  I have personal knowledge of the facts set forth in this declaration and if called as a witness could testify competently thereto.

2.       Because I did a small amount of prior work for Uber Technologies, Inc. ("Uber"), and because Uber is the adversary in the Sidecar matter, I have been subject to an ethical wall as a precaution.  The ethical wall, implemented before others at the firm began work on the Sidecar matter, has prevented me and any other attorneys who did work for Uber from having any substantive communication regarding the Sidecar matter or the firm's prior work for Uber with the Sidecar matter litigation team.

3.      I have reviewed Uber's publicly filed motion to disqualify our firm and the declarations Uber filed with the motion.  I have also reviewed Sidecar's publicly filed complaint.  I have worked with our firm's internal Conflicts Counsel, who also is not involved with the Sidecar matter, to prepare this declaration.

4.      From 2012 to 2016, Quinn Emanuel represented Uber in several matters, most of which involved lawsuits filed against Uber by taxicab associations (so-called "taxicab cases").  The theory in those cases was that Uber was competing unfairly with the taxicab associations because it did not need to comply, or was not complying, with municipal regulations governing taxicabs.

5.      I played a limited role in those Uber matters, especially when compared to Quinn Emanuel partner Stephen Swedlow, the primary partner who managed our firm's work for Uber.  In the course of preparing this declaration, I reviewed my time records for the work I did for Uber. Those records show that I billed less than 25 total hours between November 2012 and October 2014 across all Uber matters that Quinn Emanuel had during that time period.  The time records show I did not bill any time to Uber matters during 2015 and 2016 while others at Quinn Emanuel continued to work on defending the taxicab cases.  The small amount of work I performed for Uber was

primarily focused on the taxicab cases.  I no longer have any Uber documents, and I do not recall any Uber confidential information.

6.     Paragraph 8 of the Declaration of Sallie Yoo submitted with Uber's motion papers suggests that I gave Uber "strategic antitrust compliance advice related to Uber's business model and conduct."  Because neither Ms. Yoo nor Uber's brief provided any identification of the matters about which such advice was supposedly given, I can only say that I have no recollection of having given such advice.  Had I given such advice, my billing records would ordinarily so reflect; they contain no indication of this activity.  In addition, if I gave such advice, I likely would have involved lawyers at the firm with substantial antitrust expertise; there is no indication I did so in my time records.

7.     To the best of my recollection, in connection with the limited work I did for Uber, I did not become familiar with confidential information concerning Uber's overall pricing or costs, much less any such information or any other information that would be material to the issues raised in the complaint in the current Sidecar matter.  For example, and to the best of my recollection, I did not provide Uber with advice regarding Sidecar, regarding a market definition for Ride-Sharing, or regarding how Uber should set its prices. My time records do not reflect any such activity or advice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of March, 2019, in Los Angeles, CA.

/s/ John B. Quinn
John B. Quinn

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Signature Attestation

I hereby attest that I have on file permission from the declarant for the signature provided as a conformed signature (/S/) within this e-filed document.


DATED: March 15, 2019                          /s/ Ethan Glass
                                               Ethan Glass