# EXHIBIT A

Lewis T. LeClair (SBN 77036)
lleclair@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4044

Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
**MCKOOL SMITH HENNIGAN, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 694-1200
Facsimile:   (213) 694-1234

Judith A. Zahid (SBN 215418)
jzahid@zelle.com
**ZELLE LLP**
44 Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone:  (415) 693-0700
Facsimile:   (415) 693-0770

James R. Martin (SBN 173329)
jmartin@zelle.com
**ZELLE LLP**
1775 Pennsylvania Ave. NW, Suite 375
Washington, D.C. 2006
Telephone:  (202) 899-4100
Facsimile:   (612) 336-9100

*Attorneys for Plaintiff, SC Innovations, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SC INNOVATIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC, RASIER-PA, LLC, RASIER-DC, LLC, RASIER-NY, LLC, AND UBER USA, LLC, <br><br> Defendants. | CASE NO. 3:18-cv-07440-JCS <br><br> **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff SC Innovations, Inc. hereby requests that Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-NY, LLC, and Uber USA, LLC produce the documents and things described below at the offices of McKool Smith, 300 South Grand Avenue, Suite 2900 Los Angeles, California 90071 within 30 days after the Court's ruling on the motion to dismiss or at such time and place as may be agreed upon between the parties or ordered by the Court.

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests, the words set forth below shall be defined as follows:

1. "Communication" is used in its broadest ordinary sense and shall mean any manner or means of disclosure, transfer, or exchange of facts, information, ideas, opinions, inquiries, or thoughts, whether by written, oral, mechanical, telephonic, electronic, or some other means of Communication, and shall include the information transmitted. For the avoidance of doubt, the term "Communication" shall encompass pictures, photographs, recordings, text messages, or any other means of capturing information.

2. "Complaint" means the Complaint that was filed in the above-captioned action on September 9, 2019.

3. "Concerning," in addition to its customary and usual meaning, shall mean directly or indirectly, in whole or in part, alluding to, analyzing, assessing, characterizing, commenting on, connected with, constituting, containing an implicit reference to, describing, disclosing, discussing, evidencing, explaining, identifying, memorializing, mentioning, noting, pertaining to, recording, referring to, reflecting, regarding, relating to, representing, showing, stating, suggesting, summarizing, supporting, touching upon, underlying, or otherwise involving the subject matter of

the specified Request.

4. "Document" or "Documents" are synonymous in meaning and equal in scope to the usage of the terms as defined by Federal Rule of Civil Procedure 34 and shall be interpreted in their broadest sense to include all "writings" and "recordings," including, without limitation, all writings, drawings, graphs, charts, photographs, recordings, phone records, videos, computer files, electronic mail or information, agreements, facsimiles, telexes, notes, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

5. "Data" refers to information stored in electronic database records.

6. "Driver" shall have the same meaning as the term "Driver" in Paragraph 28 of the Complaint.

7. Passenger" shall have the same meaning as the term "Passenger" in Paragraph 28 of the Complaint.

8. "Ride-Hailing Apps" shall have the same meaning as the term "Ride-Hailing Apps" in Paragraph 28 of the Complaint.

9. "You" or "Your" means Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC, Rasier-PA, LLC, Rasier-DC, LLC, Rasier-NY, LLC, and Uber USA, LLC, and their employees, agents, or other persons acting on any of their behalf.

10. "SC Innovations" means Plaintiff, SC Innovations, Inc., and officers, directors, employees, agents, or other persons acting on its behalf, including without limitation Sunil Paul and Robert Goldberg.

11. "Sidecar" means Sidecar Technologies, Inc,, Side.cr LLC, Sidecar Logistics LLC, Gorooda LLC, Shepherd Intelligence Systems, Inc and their employees, agents, or other persons acting on any of their behalf.

12. The terms "and," "or," and "and/or" shall be construed in the conjunctive or the disjunctive, whichever makes the Request more inclusive.

13. The terms "any" and "each" should be understood to include and encompass "all."

14. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

## INSTRUCTIONS

1. These Requests shall be deemed continuing in nature in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2. You are to produce all requested Documents, Communications, and electronically stored information which are in Your possession, custody, or control, including, without limitation, all such Documents, Communications, and electronically stored information in the possession of any of Your agents, employees, or attorneys, and any other person under Your control or acting on Your behalf.

3. All Documents and Data produced pursuant to these Requests are to be organized in the manner in which they are kept in the usual course of business. File folders with tabs or labels, or directories of files identifying Documents and/or Communications, must be produced intact with such Documents and/or Communications.

4. If no Documents exist that are responsive to a Request, a written statement to that effect shall be provided at the time of production.

5. If You claim any privilege as grounds for not fully answering a Request, or any part thereof, You should provide a privilege log in accordance with Rule 26 of the Federal Rules of Civil Procedure with sufficient information to confirm that the claim of privilege is valid.

6. Unless otherwise agreed upon by the parties, You should respond to these Requests by producing all responsive Documents collected through the use of mutually agreed-upon search terms, applied to a mutually agreed-upon group of

Document custodians.

7. Unless otherwise agreed upon by the parties, You should produce all Documents in a manner and format consistent with the Parties agreed-upon Stipulation and Order Regarding Production of Electronically Stored Information, Dkt. No. 66 (which covers both Paper Documents and ESI).

8. Unless otherwise specified, the time period applicable to these Requests is January 1, 2012 to the date these Requests were served.

# DOCUMENT REQUESTS

**REQUEST NO. 1.**

All Documents and Data Concerning Sidecar, including any internal discussions concerning Sidecar, and any investigations that You have undertaken where you gathered information Concerning Sidecar, whether effectuated through a retained investigator or otherwise.

**REQUEST NO. 2.**

All Documents and Data Concerning SC Innovations, including any internal discussions concerning SC innovations, and any investigations that You have undertaken where you gathered information Concerning SC Innovations, whether effectuated through a retained investigator or otherwise.

**REQUEST NO. 3.**

All Documents and Data Concerning competition between Ride-Hailing Apps, including Ride-Hailing Apps owned or operated by You, including any Documents reflecting Your assessment of the market for You Ride Hailing App business, Your assessment of market share for Your Ride Hailing App business, Your assessment of or strategy related to actual or potential competitors for Your Ride Hailing App business, any analysis of driver or rider enrollment for Your and other Ride Hailing Apps, or your marketing strategy and promotions for obtaining riders and drivers.

**REQUEST NO. 4.**

Your business and strategic plans and forecasts, including All Documents Concerning the expansion or support for Your Ride-Hailing App in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 5.**

All financial statements, including annual, quarterly, or monthly financial reports, profit and loss statements, balance sheets, and income statements, for Uber, as well as, in particular, for the following metropolitan areas: San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 6.**

Documents and Data sufficient to show your pricing methodology, including any changes in the formula(s) for prices charged to Passengers or payments made to Drivers for transportation facilitated through any Ride-Hailing App owned or operated by You in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 7.**

Documents and Data sufficient to show Your average monthly customer acquisition cost, for Drivers and Passengers, for Uber's Ride Hailing App in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 8.**

All presentations or other Documents provided or shown to prospective investors when You were raising capital or soliciting funding, including but not limited to presentations to venture capital investors and filings with the U.S. Securities and Exchange Commission.

**REQUEST NO. 9.**

All agreements reflecting the terms and conditions by which investors provided financing for Uber's business operations, including but not limited to the

amount and timing and conditions on return on such investments.

**REQUEST NO. 10.**

All Documents and Data reflecting or relating to the analysis and valuation of Uber's food delivery business, Uber Eats, in the United States, and how the Uber Eats business relates to, complements, or is influenced by other Uber business units.

**REQUEST NO. 11.**

All business and strategic plans concerning the go-to-market-strategy, roll-out, growth and implementation of Uber Eats in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston..

**REQUEST NO. 12.**

All Documents and Data Concerning incentives You provided to Drivers to encourage them to use any Ride-Hailing App owned or operated by You in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 13.**

All Documents and Data Concerning discounts You provided to Passengers to encourage them to use any Ride-Hailing App owned or operated by You in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 14.**

All Data for each transaction involving a Ride-Hailing App owned or operated by You in the United States, including but not limited to the following information: (a) the price paid by the Passenger; (b) Uber's commission; (c)

discount(s) provided to the Passenger; (d) payments provided to the Driver; (e) trip origin; (f) trip destination; (g) ride distance; (h) ride duration; (i) surge pricing; (j) payment processing fees; (k) Passenger acquisition cost (the cost to attract the Passenger to the platform); (l) Driver acquisition cost (the cost to attract the Driver to the platform); and (m) any other variable costs associated with completing a transaction through a Ride-Hailing App owned or operated by You.

**REQUEST NO. 15.**

Documents sufficient to explain the operation of any equipment or software utilized to maintain, read, or utilize electronically stored information produced in response to these Requests, including, without limitation, all information, documentation, electronically stored information, or programs necessary to utilize any such information (including but not limited to Data dictionaries and Data lookup tables).

**REQUEST NO. 16.**

Your organizational charts and/or personnel directories, including any annual updates to Your organizational charts and personnel directories, throughout the period sought by these requests (January 1, 2012 to present).

**REQUEST NO. 17.**

All Documents and Data Concerning your solicitation of individuals to become Drivers for You in San Francisco, Austin, greater Los Angeles (including, Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 18.**

All Documents and Data Concerning your communications, tracking, or interactions with drivers affiliated with any other Ride Hailing App, including Sidecar and Lyft, in San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego,

1  San Jose, or Boston.

2  **REQUEST NO. 19.**

3  All Documents relating to Uber's "Hell" program, *see*

4  https://techcrunch.com/2017/04/12/hell-o-uber/?renderMode=ie11.

5  **REQUEST NO. 20.**

6  All Documents relating to Uber's "Slog" program, *see*

7  https://www.businessinsider.com/ubers-operation-slog-against-lyft-2014-8.

8  **REQUEST NO. 21.**

9  All Documents concerning or relating to the following litigations and/or

10 arbitrations (i) *Anoush Cab Inc., et al. v. Uber Technologies, Inc.,* 1:17-cv-10142

11 (D. Mass.) and all cases consolidated with it; (ii) *Meyer v. Kalanick et al.*, 1:15-cv-

12 09796 (S.D.N.Y.); (iii) *Yellow Cab Co. v. Uber Technologies, Inc.*, 24C14004064 in

13 Maryland Circuit Court for Baltimore City, and :14-cv-02764-RDB in Maryland

14 Federal District Court; (iv) *Desoto Cab Co., Inc. v. Uber Technologies, Inc.*, 4:16-

15 cv-06385 (N.D. Cal.); (v) *Philadelphia Taxi Ass'n, Inc. v. Uber Technologies, Inc.*,

16 2:16-cv-01207 (E.D. Pa.); and (vi) any litigation or arbitration in which Uber is

17 involved, including arbitration against Spencer Meyer (the "Meyer Arbitration"),

18 including all documents produced, all pleadings submitted, all transcripts of

19 depositions, and all transcripts of any arbitration proceedings in the Meyer

20 Arbitration.

21 **REQUEST NO. 22.**

22 All Documents Concerning your rider pricing strategy and policies for rides

23 through your Ride-Hailing App, including actual or considered pricing changes in

24 the United States, as well as, in particular, San Francisco, Austin, greater Los

25 Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New

26 York, Seattle, San Diego, San Jose, or Boston.

27

28

**REQUEST NO. 23.**

Documents sufficient to show how and when surge pricing is triggered by the Uber App

**REQUEST NO. 24.**

All Documents Concerning any analysis that You have done to analyze markets or market share for the services that You provide to Uber riders, including any analysis that you have done of Your market share in San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**REQUEST NO. 25.**

All Documents Concerning any submissions, depositions, or Documents that you have provided to any federal or state  or state regulatory authority, including any governmental competition authority (e.g., the Department of Justice) Concerning competition and pricing for your Ride Hailing App, or your efforts to recruit drivers, or interact with the drivers providing rides on other Ride-Hailing Apps (e.g., SideCar or Lyft).

**REQUEST NO. 26.**

All Documents Concerning any complaints by riders about Your Ride Hailing App., whether based upon price or service quality, including any unpleasant experiences with Uber drivers or use or misappropriation of personal formation.

**REQUEST NO. 27.**

All Documents Concerning any complaints by Your driver-partners, whether based upon commission levels, or driver treatment.

**REQUEST NO. 28.**

All documents Concerning analysis of costs of providing services versus revenue from those services, including any analysis of marginal costs or variable costs of services provided either in an individual city or metropolitan area, a group

1  of cities or metropolitan areas, or for the U.S. as a whole
2  **REQUEST NO. 29.**
3  Documents sufficient to show Your document retention policy.
4  **REQUEST NO. 30.**
5  Documents sufficient to show all of the means by which Your employees or
6  agents communicated concerning work that was done for, or on behalf of You with
7  respect to Your sales, marketing, competition for riders and drivers, and any other
8  matter relating to the commercial deployment of Your Ride Hailing App, including
9  communication by the use of burner phones, *see*
10 *https://techcrunch.com/2014/08/26/uber-lyft-operation-slog/?renderMode=ie11*,
11 Wickr, *https://www.buzzfeednews.com/article/carolineodonovan/waymo-uber-*
12 *wickr-ephemeral-messaging-apps-ruling*, and any form of encrypted messaging, *see*
13 *https://fortune.com/2017/12/01/uber-encrypted-messaging-legal-precedents/*.
14 **REQUEST NO. 31.**
15 All Documents Concerning the existence or allegations of any ride requests
16 and/or cancellations submitted on other Ride-Hailing Apps at the express or implied
17 direction of Uber.
18 **REQUEST NO. 32.**
19 All Documents Concerning the existence, evaluation, or discussion of
20 instances "when the aggregate amount of earnings and incentives received by a
21 given Driver exceeds the Gross Bookings attributable to the Driver's trips, which
22 results in excess Driver incentives," (*see*
23 *https://www.sec.gov/Archives/edgar/data/1543151/000119312519103850/d647752d*
24 *s1.htm, page 99*).

**REQUEST NO. 33.**

All Documents Concerning the assessment, strategy, or internal discussion of Your decision to expand into ridesharing and UberX.

DATED: November 8, 2019          Respectfully submitted,

By: /s/ *Lewis T. LeClair*
    Lewis T. LeClair
    Kirk D. Dillman
    John C. Briody
    MCKOOL SMITH, P.C.

*Attorneys for Plaintiff SC Innovations, Inc.*

# PROOF OF SERVICE

I declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Suite 2900, Los Angeles, CA 90071. On November 8, 2019, I served the foregoing document described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS** on the interested parties in this action follows:

☒ by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by electronic transmission. I caused the document(s) listed above to be transmitted by electronic mail to the individuals on the service list as set forth below.

☐ by placing the document listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for Delivery.

☐ by personally delivering the document listed above to the persons at the address set forth below.

THEODORE J. BOUTROUS, JR.,
DANIEL G. SWANSON,
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

*tboutrous@gibsondunn.com*
*dswanson@gibsondunn.com*

*Attorneys for Uber Technologies, Inc, Rasier LLC, Rasier-CA LLC, Rasier-PA LLC, Rasier-DC LLC, Rasier-NY LLC, Uber-USA LLC*

CYNTHIA RICHMAN (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 11101

*crichman@gibsondunn.com*

*Attorneys for Uber Technologies, Inc, Rasier LLC, Rasier-CA LLC, Rasier-PA LLC, Rasier-DC LLC, Rasier-NY LLC, Uber-USA LLC*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postal meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of November, 2019 at Los Angeles, California.

*Elizabeth B. Morrin*
Elizabeth B. Morrin