# EXHIBIT B

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

CYNTHIA E. RICHMAN, SBN 492089
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  11101
Telephone: 202.955.8500
Facsimile:  202.467.0539

Attorneys for Uber Technologies, Inc, Rasier LLC,
Rasier-CA LLC, Rasier-PA LLC, Rasier-DC LLC,
Rasier-NY LLC, Uber-USA LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SC Innovations, Inc., <br><br>          Plaintiff, <br><br>    v. <br><br> Uber Technologies, Inc; Rasier LLC; Rasier-CA LLC; Rasier-PA LLC; Rasier-DC LLC; Rasier-NY LLC; Uber-USA LLC, <br><br>         Defendants. | CASE NO. 3:18-CV-07440-JCS <br><br> **DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS** |

**PROPOUNDING PARTY:**    Plaintiff, SC Innovations, Inc.

**RESPONDING PARTY:**    Defendants, Uber Technologies, Inc; Rasier LLC; Rasier-CA LLC; Rasier-PA LLC; Rasier-DC LLC; Rasier-NY LLC; Uber-USA LLC

**SET NO.:**        ONE

1

Gibson, Dunn &
Crutcher LLP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Uber Technologies, Inc.; Raiser LLC; Raiser-CA LLC; Raiser-PA LLC; Raiser-DC LLC; Raiser-NY LLC; and Uber-USA LLC ("Defendants" or "Uber") by and through the undersigned counsel, hereby object and respond to the Plaintiff SC Innovations, Inc.'s ("SCI") First Set of Requests for Production, including without limitation the document requests (the "Requests"), Definitions, and Instructions contained therein.

## PRELIMINARY STATEMENT

1.      Uber's responses to the Requests are made to the best of its current knowledge, information, and belief.  Uber reserves the right to supplement or amend any of its responses should future investigation indicate that such supplementation or amendment is necessary.

2.      Uber's responses to the Requests are confidential and made solely for the purposes of and in relation to this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility).  All objections are reserved and may be interposed at any time.

3.      Uber's responses are based on its understanding that Plaintiff seeks only information that is within Uber's possession, custody, and control.

4.      Uber incorporates by reference each and every General Objection set forth into each and every Specific Response and Objection.  From time to time, a Specific Response and Objection may repeat a General Objection.  The failure to include any General Objection in any Specific Response and Objection shall not be interpreted as a waiver of any General Objection to that response.

5.      Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

6.      As of the date of these Responses and Objections, the parties have not agreed to a Stipulated Protective Order to govern the treatment of documents in this matter.  Uber's agreement to produce any documents is predicated on the parties reaching a finalized Stipulated Protective Order that is approved by the Court.  Uber reserves the right to amend these Responses and Objections as

Gibson, Dunn & Crutcher LLP

2

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

may be required to preserve its objections under the final Protective Order.

## **GENERAL OBJECTIONS**

1.      Uber generally objects to the Requests (including the Definitions and Instructions), on the grounds and to the extent that they purport to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Northern District of California, any other applicable federal or state law, and any agreements between the parties.  Uber will construe and respond to the Requests in accordance with the requirements of the Federal Rules of Civil Procedure and other applicable rules or laws.

2.      Uber generally objects to producing any documents in response to the Requests on the ground that the Stipulated Protective Order in this action has not yet been finalized by the parties and approved by the Court.  Uber will not produce documents responsive to the Requests until the Stipulated Protective Order is approved by the Court.

3.      Uber objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they seek documents and things from before 2013, when Uber launched UberX and, according to SCI's Amended Complaint, allegedly commenced its anticompetitive conduct, or after September 6, 2019, when SCI filed its Amended Complaint.

4.      Uber generally objects to the Requests to the extent that they seek documents and information related to conduct or activity taking place outside of the United States, because such Requests are overly broad, unduly burdensome, and not relevant to the claims or defenses in this action.

5.      Uber generally objects to the Requests to the extent that they seek documents and information that are unrelated and irrelevant to the claims in, or defenses to, this litigation and disproportionate to the needs of the case, or are of such marginal relevance that their probative value is outweighed by the burden imposed on Uber in having to search for and provide such documents or information.

6.      Uber generally objects to the Requests to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, including to the extent that they call for the production of

3

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

Gibson, Dunn &
Crutcher LLP

"each," "every," "any," or "all" documents concerning the subject matters referenced therein.

7. Uber generally objects to the Requests to the extent they do not identify the documents sought with reasonable particularity as required by Rule 34(b) of the Federal Rules of Civil Procedure.

8. Uber generally objects to the Requests on the grounds and to the extent that they call for the production of any information or documents protected by the attorney-client privilege, the attorney work-product doctrine, Federal Rule of Evidence 502, any other legally cognizable privilege or immunity, or the laws, regulations, or policies of other countries, and Uber and its counsel hereby assert such privileges and immunities. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Uber to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings. The production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding to the fullest extent of Federal Rule of Evidence sections 502(d) and (e).

9. Uber generally objects to the Requests to the extent that they seek proprietary or other confidential information. To the extent any proprietary or confidential information, trade secret, or other sensitive or protected business information is non-privileged and responsive to the Requests and not otherwise objectionable, Uber will produce such information in accordance with the Stipulated Protective Order to be entered in this litigation, and such other procedures as the parties or Court may establish to protect sensitive or confidential information.

10. Uber generally objects to production of documents in response to the Requests on the grounds and to the extent that production of such documents demanded therein would violate the rights of privacy of third parties under California law or other applicable laws of any relevant jurisdiction, or that such production otherwise is prohibited by law, or is subject to legal requirements for notification of third parties.

11.     Uber generally objects to the Requests to the extent they seek information outside of Uber's possession, custody, and control, or to the extent they are inconsistent with international treaties or conventions and/or conflict of law and comity principles by seeking documents or information located outside the United States.

12.     Uber generally objects to the Requests to the extent that they seek information that is already in Plaintiffs' possession, that is publicly available, or that is readily available from another source.

13.     Uber generally objects to the Requests on the grounds and to the extent that the Requests purport to arbitrarily require Uber to collect, review and produce documents "30 days after the Court's ruling on the motion to dismiss."

14.     Uber generally objects to the Requests to the extent they seek to impose an obligation on Uber to conduct anything beyond a diligent search and reasonable inquiry of readily accessible files, including electronic files, where responsive documents would reasonably be expected to be found.

15.     Uber objects to each Request to the extent that it uses words and phrases that are not defined in an understandable manner.  Uber will interpret the terms and phrases used in those requests as those terms and phrases are understood to Uber.

16.     Uber objects to each Request that uses the term "Ride-Hailing Apps" as defined in Paragraph 28 of the Complaint because it is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.

17.     By stating in these responses that Uber will produce documents, Uber does not intend to represent that any responsive documents actually exist, but rather that Uber is making and will continue to make a reasonable, good faith search and attempt to ascertain whether responsive documents do in fact exist.

Gibson, Dunn & Crutcher LLP

5

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Data Concerning Sidecar, including any internal discussions concerning Sidecar, and any investigations that You have undertaken where you gathered information Concerning Sidecar, whether effectuated through a retained investigator or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents and Data Concerning Sidecar."  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to December 31, 2015, approximately when Sidecar went out of business (Amended Complaint ¶ 5).

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Data Concerning SC Innovations, including any internal discussions concerning SC Innovations, and any investigations that You have undertaken where you gathered information Concerning SC Innovations, whether effectuated through a retained investigator or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents

Gibson, Dunn &
Crutcher LLP

and Data Concerning SC Innovations."  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of September 1, 2018, approximately when Sidecar assigned SCI "any and all claims and causes of action" (Amended Complaint ¶ 14). to September 6, 2019, when SCI filed its Amended Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Data Concerning competition between Ride-Hailing Apps, including Ride-Hailing Apps owned or operated by You, including any Documents reflecting Your assessment of the market for You Ride Hailing App business, Your assessment of market share for Your Ride Hailing App business, Your assessment of or strategy related to actual or potential competitors for Your Ride Hailing App business, any analysis of driver or rider enrollment for Your and other Ride Hailing Apps, or your marketing strategy and promotions for obtaining riders and drivers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents and Data concerning competition between Ride-Hailing Apps."  Uber further objects on the grounds that the Request is overbroad as written because it is not limited to competition within the purported markets alleged in Paragraph 46 of the Amended Complaint.  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.  Uber further objects on the basis that "any analysis of driver or

Gibson, Dunn &
Crutcher LLP

7

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

rider enrollment" is vague and ambiguous.  Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to December 31, 2015, approximately when Sidecar went out of business (Amended Complaint ¶ 5), that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 4:**

Your business and strategic plans and forecasts, including All Documents Concerning the expansion or support for Your Ride-Hailing App in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request as written is overbroad and unduly burdensome because it seeks without limitation "All Documents Concerning" the expansion or support for Uber's Ride-Hailing App in the U.S., when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects on the basis that the Request seeks data related to the entire United States even though the scope of SCI's claims are limited to twelve discrete geographic locations where Sidecar operated.  Uber further objects to the Request's use of the undefined term "support for Your Ride-Hailing App" on the basis that it renders the Request vague and ambiguous.  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the

Gibson, Dunn &
Crutcher LLP

service at which the Plaintiff's allegations are directed. Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in the ordinary course of its business do not necessarily correspond to municipal boundaries..  Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents sufficient to respond to this Request, to the extent they exist,  are within Uber's possession, custody, or control, that can be located through a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to September 6, 2019, when SCI filed its Amended Complaint, and that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 5:**

All financial statements, including annual, quarterly, or monthly financial reports, profit and loss statements, balance sheets, and income statements, for Uber, as well as, in particular, for the following metropolitan areas: San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written and unduly burdensome because it seeks "All financial statements … for Uber" when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects to the Request to the extent that it seeks any draft "financial statements."  Uber further objects to the Request to the extent that it seeks documents that are publicly available.  Uber further objects to the Request to the extent that it seeks documents

Gibson, Dunn & Crutcher LLP

concerning twelve specific municipalities that do not necessarily correspond to the organization of
Uber's business operations.  The "City IDs" that Uber designates in the ordinary course of its
business do not necessarily correspond to municipal boundaries.  Uber further objects to this Request
to the extent it seeks information or documents protected by any applicable privilege, including, but
not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other
applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of
discovery in this action, Uber responds as follows:  Uber will produce non-privileged, final versions
of its financial statements that include information relevant to its Ride-Hailing App, to the extent they
exist and are kept in the ordinary course of business, that are within Uber's possession, custody, or
control, that can be located after conducting a reasonably diligent search within the date range of
January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to December
31, 2015, approximately when Sidecar went out of business (Amended Complaint ¶ 5),, and that are
specific to the purported markets alleged in Paragraph 46 of the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and Data sufficient to show your pricing methodology, including any changes in
the formula(s) for prices charged to Passengers or payments made to Drivers for transportation
facilitated through any Ride-Hailing App owned or operated by You in the United States, as well as,
in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago,
Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects to the
Request to the extent that it seeks documents concerning twelve specific municipalities that do not
necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber
designates in the ordinary course of its business do not necessarily correspond to municipal
boundaries.  Uber further objects on the basis that the Request seeks data related to the entire United
States even though the scope of SCI's claims are limited to twelve discrete geographic locations

Gibson, Dunn &
Crutcher LLP

10

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

where Sidecar operated.  Uber further objects on the grounds that the Request is unduly burdensome to the extent it seeks "any changes in the formula(s) for prices charged to Passengers or payments made to Drivers for transportation facilitated through any Ride-Hailing App owned or operated by You."  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.   Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents and Data sufficient to show Your average monthly customer acquisition cost, for Drivers and Passengers, for Uber's Ride Hailing App in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.   Uber further objects to this Request on the basis that "customer acquisition cost" is vague and ambiguous.  Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in

the ordinary course of its business do not necessarily correspond to municipal boundaries.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 8:**

All presentations or other Documents provided or shown to prospective investors when You were raising capital or soliciting funding, including but not limited to presentations to venture capital investors and filings with the U.S. Securities and Exchange Commission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad and unduly burdensome as written because it seeks, "All presentations or other documents provided or shown to prospective investors when You were raising capital or soliciting funding," and is not reasonably tailored to the relevant areas of Uber's business. Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce reasonably responsive documents filed with the Securities and Exchange Commission or disseminated in connection with the May 10, 2019 Initial Public Offering.

**REQUEST FOR PRODUCTION NO. 9:**

All agreements reflecting the terms and conditions by which investors provided financing for Uber's business operations, including but not limited to the amount and timing and conditions on return on such investments.

Gibson, Dunn &
Crutcher LLP

12

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request as written is overbroad and unduly burdensome because it seeks, without limitation, "[a]ll agreements reflecting the terms and conditions by which investors provided financing for Uber's business operations" when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Data reflecting or relating to the analysis and valuation of Uber's food delivery business, Uber Eats, in the United States, and how the Uber Eats business relates to, complements, or is influenced by other Uber business units.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects on the basis that "how the Uber Eats business relates to, complements, or is influenced by other Uber business units" is vague and ambiguous.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 11:**

All business and strategic plans concerning the go-to-market-strategy, roll-out, growth and implementation of Uber Eats in the United States, as well as, in particular, San Francisco, Austin,

greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Data Concerning incentives You provided to Drivers to encourage them to use any Ride-Hailing App owned or operated by You in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request as written is overbroad and unduly burdensome because it seeks without limitation "All Documents and Data Concerning" Uber's incentives to Drivers when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects on the basis that the Request seeks documents and data related to the entire United States even though the scope of SCI's claims are limited to twelve discrete geographic locations where Sidecar operated. Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.  Uber further objects on the basis that the term "incentive" is vague and ambiguous.  Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in the

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

Gibson, Dunn &
Crutcher LLP

ordinary course of its business do not necessarily correspond to municipal boundaries.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiff to negotiate the appropriate scope for the production of responsive data.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Data Concerning discounts You provided to Passengers to encourage them to use any Ride-Hailing App owned or operated by You in the United States, as well as, in particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request as written is overbroad and unduly burdensome because it seeks without limitation "All Documents and Data Concerning" Uber's discounts to Passengers when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed. Uber further objects on the basis that the term "discounts" is vague and ambiguous.  Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in the ordinary course of its business do not necessarily correspond to municipal boundaries.  Uber further objects on the basis that the Request seeks documents and data related to the entire United States even though the scope of SCI's claims are limited to twelve discrete geographic locations where Sidecar operated.  Uber further objects to this Request to the extent it seeks information or documents protected by any

Gibson, Dunn &
Crutcher LLP

applicable privilege, including, but not limited to, the attorney-client privilege, the work-product

doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiff to

negotiate the appropriate scope for the production of responsive data.

## REQUEST FOR PRODUCTION NO. 14:

All Data for each transaction involving a Ride-Hailing App owned or operated by You in the

United States, including but not limited to the following information: (a) the price paid by the

Passenger; (b) Uber's commission; (c) discount(s) provided to the Passenger; (d) payments provided

to the Driver; (e) trip origin; (f) trip destination; (g) ride distance; (h) ride duration; (i) surge pricing;

(j) payment processing fees; (k) Passenger acquisition cost (the cost to attract the Passenger to the

platform); (1) Driver acquisition cost (the cost to attract the Driver to the platform); and (m) any other

variable costs associated with completing a transaction through a Ride-Hailing App owned or

operated by You.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the

grounds that the Request as written is overbroad and unduly burdensome because it seeks without

limitation "All data for each transaction involving a Ride-Hailing App owned or operated by" Uber

"in the United States."  Uber further objects on the basis that the term "Ride-Hailing Apps," as

defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to

encompass services other than UberX, which is the service at which the Plaintiff's allegations are

directed. Uber further objects on the basis that the Request seeks data related to the entire United

States even though the scope of SCI's claims are limited to twelve discrete geographic locations

where Sidecar operated.  Uber further objects to the Request to the extent it asks for "any other

variable costs associated with completing a transaction" on the ground that it seeks documents that do

not comply with the "reasonable particularity" requirement of Rule 34 and renders the Request

unduly burdensome and oppressive in that it improperly shifts the burden to Uber to decipher the

Gibson, Dunn & Crutcher LLP

16

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

Request.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiff regarding the available data that is responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to explain the operation of any equipment or software utilized to maintain, read, or utilize electronically stored information produced in response to these Requests, including, without limitation, all information, documentation, electronically stored information, or programs necessary to utilize any such information (including but not limited to Data dictionaries and Data lookup tables).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Uber incorporates by reference the foregoing General Objections. Uber further objects to this Request on the grounds that the parties entered into, and the Court approved, a detailed Stipulation Regarding Production of Electronically Stored Information, which specifies the format for the production of documents.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 16:**

Your organizational charts and/or personnel directories, including any annual updates to Your organizational charts and personnel directories, throughout the period sought by these requests (January 1, 2012 to present).

Gibson, Dunn &
Crutcher LLP

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks Uber's "organization charts and/or personnel directories" for a period of over eight years, without further limitation.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber does not create or maintain "organization charts."  Uber will meet and confer with Plaintiff to discuss what personnel-related information is kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Data Concerning your solicitation of individuals to become Drivers for You in San Francisco, Austin, greater Los Angeles (including, Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects to the extent that the Request is duplicative of Request No. 12.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in the ordinary course of its business do not necessarily correspond to municipal boundaries.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Gibson, Dunn & Crutcher LLP

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and Data Concerning your communications, tracking, or interactions with drivers affiliated with any other Ride Hailing App, including Sidecar and Lyft, in San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks "All Documents and Data Concerning your communications, tracking, or interactions with drivers affiliated with any other Ride Hailing App" for twelve municipalities, without limitation.  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed. Uber further objects to the Request on the grounds that the Request's use of the undefined terms "tracking" and "interactions" render the Request vague and ambiguous.  Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber designates in the ordinary course of its business do not necessarily correspond to municipal boundaries.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents relating to Uber's "Hell" program, *see* https://techcrunch.com/2017/04/12/hell-o-uber/?renderMode=iell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written and unduly burdensome.  Uber further objects on the

Gibson, Dunn &
Crutcher LLP

19

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

grounds that the  Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of July 1, 2014 to December 31, 2015, the period in which SCI alleges "Project Hell" was in effect (Opp. at 16).

**REQUEST FOR PRODUCTION NO. 20:**

All Documents relating to Uber's "Slog" program, *see* https://www.businessinsider.com/ubers-operation-slog-against-lyft-2014-8.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written and unduly burdensome because it seeks without limitation "All Documents relating to Uber's 'Slog' program."  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case, particularly in light of the fact the cited article relates to an "aggressive plan to steal Lyft drivers."  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after

Gibson, Dunn &
Crutcher LLP

20

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of July 1, 2014 to December 31, 2015, the period in which SCI alleges "SLOG" was in effect (Opp. at 16).

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning or relating to the following litigations and/or arbitrations (i) *Anoush Cab Inc., et al. v. Uber Technologies, Inc.,* 1:17-cv-10142 (D. Mass.) and all cases consolidated with it; (ii) *Meyer v. Kalanick et al.,* 1:15-cv-09796 (S.D.N.Y.); (iii) *Yellow Cab Co. v. Uber Technologies, Inc.*, 24C14004064 in Maryland Circuit Court for Baltimore City, and :14-cv-02764-RDB in Maryland Federal District Court; (iv) *Desoto Cab Co., Inc. v. Uber Technologies, Inc.,* 4:16-cv-06385 (N.D. Cal.); (v) *Philadelphia Taxi Ass 'n, Inc. v. Uber Technologies, Inc.,* 2:16-cv-01207 (E.D. Pa.); and (vi) any litigation or arbitration in which Uber is involved, including arbitration against Spencer Meyer (the "Meyer Arbitration"), including all documents produced, all pleadings submitted, all transcripts of depositions, and all transcripts of any arbitration proceedings in the Meyer Arbitration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  In particular, the Request seeks information relating to various litigations and arbitrations, without regard to whether there is any nexus to Plaintiffs' claims.  Uber further objects to the Request to the extent that it seeks documents that are publicly available.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning your rider pricing strategy and policies for rides through your Ride-Hailing App, including actual or considered pricing changes in the United States, as well as, in

Gibson, Dunn & Crutcher LLP

21
DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

particular, San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago, Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Uber incorporates by reference the foregoing General Objections. Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents Concerning" rider pricing strategy and policies when the Request could be more appropriately drafted by seeking "Documents sufficient to show." Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed. Uber further objects to this Request on the basis that "rider pricing strategy" is vague and ambiguous. Uber further objects to the Request to the extent that it seeks documents concerning twelve specific municipalities that do not necessarily correspond to the organization of Uber's business operations. The "City IDs" that Uber designates in the ordinary course of its business do not necessarily correspond to municipal boundaries. Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows: Uber will produce non-privileged documents sufficient to respond to this Request, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to December 31, 2015, approximately when Sidecar went out of business (Amended Complaint ¶ 5), and that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

Gibson, Dunn &
Crutcher LLP

22

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

1

**REQUEST FOR PRODUCTION NO. 23:**

2

Documents sufficient to show how and when surge pricing is triggered by the Uber App.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

4

Uber incorporates by reference the foregoing General Objections.  Uber further objects to the

5

extent that the Request is duplicative of Request Nos. 14 and 22.  Uber further objects to this Request

6

to the extent it seeks Uber's highly confidential trade secrets.  Uber further objects to this Request to

7

the extent it seeks information or documents protected by any applicable privilege, including, but not

8

limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other

9

applicable privilege, immunity, or exemption from discovery.

10

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

11

discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiff regarding

12

the available data that is responsive to this Request.

13

**REQUEST FOR PRODUCTION NO. 24:**

14

All Documents Concerning any analysis that You have done to analyze markets or market

15

share for the services that You provide to Uber riders, including any analysis that you have done of

16

Your market share in San Francisco, Austin, greater Los Angeles (including Long Beach), Chicago,

17

Philadelphia, Washington, DC, New York, Seattle, San Diego, San Jose, or Boston.

18

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

19

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the

20

grounds that the Request as written is overbroad and unduly burdensome because it seeks without

21

limitation "All Documents Concerning" when the Request could be more appropriately drafted by

22

seeking "Documents sufficient to show."  Uber further objects to the Request on the basis that "for

23

the services that You provide to Uber riders" is vague and ambiguous and not reasonably tailored to

24

the allegations in this case which strictly relate to ride-share services.  Uber further objects to the

25

Request to the extent that it seeks documents concerning twelve specific municipalities that do not

26

necessarily correspond to the organization of Uber's business operations.  The "City IDs" that Uber

27

designates in the ordinary course of its business do not necessarily correspond to municipal

28

Gibson, Dunn &
Crutcher LLP

23

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

boundaries.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents related to its relevant business, sufficient to respond to this Request, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to December 31, 2015, approximately when Sidecar went out of business (Amended Complaint ¶ 5), and that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning any submissions, depositions, or Documents that you have provided to any federal or state or state regulatory authority, including any governmental competition authority (e.g., the Department of Justice) Concerning competition and pricing for your Ride Hailing App, or your efforts to recruit drivers, or interact with the drivers providing rides on other Ride-Hailing Apps (e.g., SideCar or Lyft).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed.  Uber objects to the Request to the extent that it purports to seek information about ongoing government investigations that, if they exist, may not be public and that Uber would be obligated to keep confidential.  Uber also objects to the Request to the extent that any regulatory body, governmental agency, or governmental entity, domestic or foreign, objects

Gibson, Dunn &
Crutcher LLP

24

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

to the production of the requested documents.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Concerning any complaints by riders about Your Ride Hailing App., whether based upon price or service quality, including any unpleasant experiences with Uber drivers or use or misappropriation of personal formation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents Concerning any complaints by riders about Your Ride Hailing App."  Uber further objects on the basis that the term "Ride-Hailing Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted to encompass services other than UberX, which is the service at which the Plaintiff's allegations are directed. Uber further objects to the Request on the basis that the terms "unpleasant experiences" and "misappropriation of personal formation" are vague and ambiguous.  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Concerning any complaints by Your driver-partners, whether based upon commission levels, or driver treatment.

Gibson, Dunn & Crutcher LLP

25

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents Concerning any complaints by Your driver-partners."  Uber further objects on the grounds that the Request seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

**REQUEST FOR PRODUCTION NO. 28:**

All documents Concerning analysis of costs of providing services versus revenue from those services, including any analysis of marginal costs or variable costs of services provided either in an individual city or metropolitan area, a group of cities or metropolitan areas, or for the U.S. as a whole.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request as written is overbroad and unduly burdensome because it seeks without limitation "All Documents Concerning" analysis of costs of providing services versus revenue from those services, when the Request could be more appropriately drafted by seeking "Documents sufficient to show."  Uber further objects on the basis that the phrase "costs of providing services versus revenue from those services" is vague and ambiguous.  Uber further objects to this Request to the extent it seeks information or documents protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the work-product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will meet and confer with Plaintiff to negotiate the appropriate scope for the production of responsive data.

1

**REQUEST FOR PRODUCTION NO. 29:**

2

Documents sufficient to show Your document retention policy.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

4

Uber incorporates by reference the foregoing General Objections.  Uber further objects to the

5

Request to the extent that it seeks documents protected from disclosure by the attorney-client

6

privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or

7

protection.

8

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of

9

discovery in this action, Uber responds as follows: Uber will produce its current document retention

10

policy.

11

**REQUEST FOR PRODUCTION NO. 30:**

12

Documents sufficient to show all of the means by which Your employees or agents

13

communicated concerning work that was done for, or on behalf of You with respect to Your sales,

14

marketing, competition for riders and drivers, and any other matter relating to the commercial

15

deployment of Your Ride Hailing App, including communication by the use of burner phones, *see*

16

*https://techcrunch.com/2014/08/26/uber-lyft-operation-slog/?renderMode=ie11,* Wickr,

17

*https://wvvvv.buzzfeednews.com/article/carolineodonovan/waymo-uber-wickr-ephemeral-messaging-*

18

*apps-ruling,* and any form of encrypted messaging, *see https://fortune.com/2017/12/01/uber-*

19

*encrypted-messaging-legal-precedents/.*

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the

22

grounds that the Request seeks information that is not relevant to any party's claim or defense or

23

proportional to the needs of the case.  Uber further objects on the basis that the term "Ride-Hailing

24

Apps," as defined in Paragraph 28 of the Complaint, is overbroad and, as written, may be interpreted

25

to encompass services other than UberX, which is the service at which the Plaintiff's allegations are

26

directed. Uber further objects to the Request on the basis that the term "agents" is vague and

27

ambiguous.  Uber further objects to the Request to the extent that it seeks documents protected from

28

Gibson, Dunn &
Crutcher LLP

27

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Concerning the existence or allegations of any ride requests and/or cancellations submitted on other Ride-Hailing Apps at the express or implied direction of Uber.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Uber incorporates by reference the foregoing General Objections. Uber further objects on the basis that the Request is duplicative of Requests 19 and 20. Uber further objects on the basis that the phrase "any ride requests and/or cancellations" is vague and ambiguous. Uber further objects on the grounds that the Request is overbroad as written. Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows: Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of July 1, 2014 to December 31, 2015, the period in which SCI alleges "Project Hell" and "SLOG" were in effect (Opp. at 16). and that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Concerning the existence, evaluation, or discussion of instances "when the aggregate amount of earnings and incentives received by a given Driver exceeds the Gross Bookings attributable to the Driver's trips, which results in excess Driver incentives," *(see https://www.sec.gov/Archives/edgar/data/1543151/000119312519103850/d647752ds1.htm*, page 99).

Gibson, Dunn &
Crutcher LLP

28

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects to the extent that the Request is duplicative of Request No. 12.  Uber further objects to the Request to the extent that it seeks documents that are publicly available.  Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-be-agreed-upon search terms within the date range of January 1, 2013, approximately when Uber launched UberX (Amended Complaint ¶ 5), to September 6, 2019, when SCI filed its Amended Complaint, and that are specific to the purported markets alleged in Paragraph 46 of the Amended Complaint, as kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Concerning the assessment, strategy, or internal discussion of Your decision to expand into ridesharing and UberX.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Uber incorporates by reference the foregoing General Objections.  Uber further objects on the grounds that the Request is overbroad as written because it seeks, without limitation, "All Documents Concerning."  Uber further objects to the Request to the extent that it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege, doctrine, or protection.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Uber responds as follows:  Uber will produce non-privileged documents, to the extent they exist, that are within Uber's possession, custody, or control, and can be located after conducting a reasonably diligent search of Uber's agreed-upon custodians' documents using the to-

Gibson, Dunn &
Crutcher LLP

be-agreed-upon search terms within the date range of January 1, 2013 to December 31, 2013, the period before and after launching UberX.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

DATED:  January 23, 2020

THEODORE J. BOUTROUS JR.
DANIEL G. SWANSON
CYNTHIA E. RICHMAN
GIBSON, DUNN & CRUTCHER LLP


By:  */s/ Daniel G. Swanson*
Theodore J. Boutrous Jr.
Daniel G. Swanson
Cynthia E. Richman

Attorneys for Uber Technologies, Inc., Rasier LLC,
Rasier-CA LLC, Rasier-PA LLC, Rasier-DC LLC,
Rasier-NY LLC, Uber-USA LLC

31

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR
PRODUCTION (NOS. 1-33) – CASE NO. 3:18-CV-07440-JCS

**PROOF OF SERVICE**

I am over the age of 18 years and am not a party to this action.  My business address is 1050 Connecticut Avenue, N.W., Washington, DC 20036-5306.  On January 23, 2020, I served the following document:

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO ALL DEFENDANTS**

on the party stated below, by the following means of service:

Lewis T. LeClair (SBN 77036)
lleclair@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:     (214) 978-4000
Facsimile:     (214) 978-4044

Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
**MCKOOL SMITH HENNIGAN, P.C.**
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:     (213) 694-1200
Facsimile:     (213) 694-1234

__X__     **BY MAIL**:  by placing the document listed above in a sealed envelope with postage thereon fully prepaid addressed as set forth above

__X__     **BY ELECTRONIC TRANSMISSION**:  by causing the document listed above to be transmitted by electronic mail to the individuals on the service list at the email addresses indicated.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Washington, DC, on January 23, 2020.

_____
Alison M. Friberg