UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SC INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-07440-JCS<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 118, 121 |

## I.   INTRODUCTION

Plaintiff SC Innovations, Inc. ("Sidecar") and Defendants Uber Technologies, Inc. and a number of its subsidiaries (collectively, "Uber") filed a joint discovery letter brief, which Sidecar moved to file in part under seal based on Uber's designations of confidentiality. Following a hearing on April 30, 2021, the only remaining discovery dispute is whether Sidecar may depose Uber's corporate representative regarding the "Uber Eats" food delivery service, which falls outside the relevant product market in this antitrust case. The parties submitted supplemental letter briefs on that issue at the Court's request. For the reasons discussed below, Sidecar may depose Uber's representative regarding Uber Eats profit and loss statements and profitability, and Sidecar's administrative motion to file under seal is GRANTED.

## II.   DEPOSITION REGARDING UBER EATS

The parties agree that the Uber Eats service does not fall within the relevant product market alleged in Sidecar's complaint. Sidecar contends that information about that service is nevertheless relevant to its potential damages, because Sidecar had entered (or at least intended to enter) the food delivery market before Uber's conduct in the relevant market for passenger ride-hailing allegedly drove Sidecar out of business. Uber argues that Sidecar cannot recover antitrust damages based on lost profits outside the relevant product market, and regardless, any causal chain

between Uber's alleged conduct and Sidecar's hypothetical future food delivery business is speculative.

The Court has reviewed the parties' supplemental letter briefs and authorities cited therein. *See* dkts. 126, 127. Uber relies primarily on cases addressing cognizable antitrust *injury*—a necessary element to establish liability—rather than the scope of permissible *damages* once liability is shown. *E.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, 969 F.3d 974, 993 (9th Cir. 2020); *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1057 (9th Cir. 1999). There is little caselaw addressing the precise question at issue here, but at least one court has allowed damages outside the relevant product market, so long as a plaintiff establishes cognizable injury within the relevant market and the additional out-of-market damages are a consequence of that injury. *Bonjorno v. Kaiser Aluminum & Chem. Corp.*, 752 F.2d 802, 814 (3d Cir. 1984) ("[N]or did the district court err in permitting the jury to consider damages for lost profits on projected sales outside of the geographic and product markets stipulated for liability purposes."). That approach is consistent with the general rule that an antitrust plaintiff may recover consequential damages flowing from a cognizable injury even if those damages would not in themselves grant the plaintiff standing to sue. In *Perkins v. Standard Oil Co. of Cal.*, 395 U.S. 642 (1969), for example, an appellate court reduced the plaintiff's damages based on the "rule that one who is only incidentally injured by a violation of the antitrust laws,—the bystander who was hit but not aimed at,—cannot recover," but the Supreme Court reversed, holding that because the plaintiff "directly injured and was clearly entitled to bring this suit, he was entitled to present evidence of all of his losses to the jury." 395 U.S. at 649–50.

Sidecar therefore might be able to recover damages for lost profits outside the relevant market of passenger ride-hailing, and the performance of Uber Eats could be relevant to building a model of such lost profits. On the other hand, as the Court discussed at the hearing, this topic strays relatively far from the core issues in this case, and intensive discovery as to Uber Eats does not appear to be proportional to the needs of the case at this time. Uber therefore must provide a corporate representative to testify as to profit and loss statements and profitability of Uber Eats during the relevant time period, but need not submit to questioning on any other topics related to

Uber Eats.[1]

This discovery order is without prejudice to any argument that either party might make on the merits of and limitations on permissible damages at an appropriate later stage of the case.

### III. ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Sidecar moved to seal portions of the parties' initial joint discovery letter brief and of one exhibit thereto under Civil Local Rule 79-5(e) based on Uber's designations of confidentiality, and Uber filed a responsive declaration four days later pursuant to Local Rule 79-5(e)(1).

As a starting point, the Court is skeptical that Rule 79-5(e) is the appropriate framework for the *joint* submission at issue. The parties appear to have worked in good faith to craft a joint letter brief. Some of the proposed redactions are in Uber's portion of the letter. It is not clear why Uber could not have included a declaration in support of sealing at the outset, instead of drawing out the process by having Sidecar file the administrative motion and Uber file its declaration several days later. Going forward, the Court expects any declarations in support of sealing a joint letter to be included at the time the letter is filed, unless confidentiality interests of third parties or some other exigent circumstances require the use of Rule 79-5(e). The parties are further admonished that unredacted versions of documents sought to be sealed "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'" Civ. L.R. 79-5(d)(1)(D).

Sealing documents filed in connection with this discovery dispute only tangentially related to the merits of the case requires a particularized showing of good cause. Uber's attorney Daniel Swanson asserts that the proposed redactions "contain confidential commercial information, including specific observations about, and excerpts from, highly sensitive transactional data and business strategy documents, which . . . if publicly disclosed, would cause Uber competitive and economic harm by providing Uber's competitors with insight into Uber's sensitive business strategies, transactional data, and commission structure." Swanson Decl. (dkt. 119) ¶ 4. The

---

[1] The parties have not raised any dispute as to document production regarding Uber Eats.

Court is satisfied that Uber has shown good cause to seal the redacted portions of the documents at issue, and therefore GRANTS Sidecar's administrative motion to file under seal.

**IT IS SO ORDERED.**

Dated: May 11, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge